**STATE of Missouri, Respondent,**

v.

**Richard SEDDENS, Appellant.**

No. 48320.

Missouri Court of Appeals,
Eastern District,
Division Three.

Oct. 23, 1984.

William J. Shaw, Public Defender, Clayton, for appellant.

John Ashcroft, Atty. Gen., John Munson Morris, Asst. Atty. Gen., Jefferson City, for respondent.

CRANDALL, Judge.

Defendant, Richard Seddens, was convicted by a jury of possession of burglar's tools, § 569.180, RSMo (1978), and sentenced by the court as a persistent offender to imprisonment for eight years. Defend-

ant's sole point on appeal challenges the sufficiency of the State's opening statement. Finding no error, we affirm.

Defendant was arrested in an apartment complex area with a tire tool in his possession. When questioned, he ultimately stated that he was looking for something to break into in order to steal but that he "hadn't found anything he liked." Defendant does not challenge the sufficiency of the evidence but instead asserts trial court error in overruling his motion to dismiss at the close of the State's opening statement. He argues that the failure of the prosecutor to specifically state an essential element of the offense charged, i.e. that the tire tool was "adapted, designed or commonly used for committing or facilitating an offense involving forcible entry into premises," § 569.180, RSMo (1978), mandates a reversal. § 546.070(1), RSMo (Supp.1983). We disagree.

 While the trial court has the power to enter a judgment of acquittal after the prosecutor's opening statement, that authority should be exercised only if it affirmatively and clearly shows that the State cannot make a submissible case under any view of the evidence, and the State is given an opportunity to embellish its statement in response to defendant's motion. *State v. Gray*, 423 S.W.2d 776, 786 (Mo.1968). In testing the sufficiency of the opening statement, the facts stated therein and the reasonable inferences therefrom are accepted as true. *State v. Whites*, 538 S.W.2d 70, 72 (Mo.App.1976).

In this case, the prosecutor's opening statement was essentially the same as the evidence he presented at trial. Included in the opening statement was reference to defendant's confession that he intended to commit a burglary and a stealing by means of forced entry. From that statement it can reasonably be inferred that the tire tool in his possession would be used to help accomplish his purpose. Defendant's point is denied.

The judgment of the trial court is affirmed.

DOWD, P.J., and CRIST, J., concur.