**STATE of Missouri, Respondent,**

v.

**Leonard TAYLOR, Appellant.**

**No. SC 88426.**

Supreme Court of Missouri, En Banc.

Nov. 20, 2007.

Robert W. Lundt, Michelle M. Rivera, Office of Public Defender, St. Louis, MO, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Dora A. Fichter, Asst. Atty. Gen., Jefferson City, MO, for Respondent.

MICHAEL A. WOLFF, Judge.

## Introduction

Must the state prove correct venue as an element of the offense—that is, that the alleged crime occurred in the county where the case is being initiated?

In this case, the victim of a rape seemed uncertain whether the crime occurred in St. Louis County or in the city of St. Louis. The case presents the Court an opportunity to clarify the law of venue in criminal cases. Venue is not "jurisdictional." Venue is not an element of the offense. An objection to venue must be presented, and ruled on, prior to trial.

Any error in handling the question of venue in this case was not prejudicial. The judgment is affirmed.

## Facts

Appellant Leonard Taylor lived with his wife and stepchildren in Alton, Illinois. On July 10, 2000, Leonard Taylor and his 16–year–old stepdaughter, P.L., went to a park in Alton. While at the park, Taylor asked P.L., who had her driver's permit, to drive him across the bridge to St. Louis. Leonard told P.L. that they would drive

across the bridge and then return to the park. P.L. agreed. As they were driving across the bridge, Taylor placed his hand on P.L.'s chest and said that he was checking to see if her heart was beating quickly.

Once they had reached the other side of the bridge, Taylor gave P.L. directions to a house. When they arrived at the house, Taylor took a gun from the glove compartment of the car and P.L. waited while Taylor went inside the house. P.L. does not know where the house was located. Taylor returned to the car some time later and directed P.L. to drive to another house, where Taylor again went inside with the gun. P.L. said she believes that the second house was in the city of St. Louis, but is unsure of the exact location. Taylor again returned to the car, and they drove to the house of a woman named Winnifer in the city of St. Louis. Taylor and P.L. stayed at Winnifer's house until nightfall.

When they left Winnifer's, P.L. drove Taylor to a liquor store, where Taylor bought alcohol. As they left the liquor store, Taylor put his hand inside P.L.'s shirt. P.L. told Taylor to stop. Taylor again said that he was checking to see if P.L. was scared. Taylor then told P.L., "I can touch you if I want to. Those are my titties. I can do that." P.L. began to cry and told Taylor that she did not want to drive anymore. Taylor then got into the driver's seat and drove P.L. five or ten minutes from the liquor store to what appeared to be an abandoned grocery store. Although P.L. was not sure of the exact location of the abandoned grocery store, she testified that she was sure it was in the city of St. Louis.

When they reached the grocery store, P.L. was crying and told Taylor that she wanted to go home. Taylor hit P.L. in the face and ordered her to open the passenger side door. Taylor then got out of the driver's seat and walked to the passenger side of the car. He ordered P.L. to pull her pants down and pushed her down on the seat. Taylor then got on top of P.L. and put his penis in her vagina. When Taylor had finished, he got back into the driver's seat and drove back to Alton. Taylor threatened to kill P.L.'s mother and siblings if she told anyone about the rape.

More than four years after the event, in December 2004, P.L. reported the incident to St. Louis City Police Detective John Blaskiewicz. In an attempt to pinpoint the location of the rape, Detective Blaskiewicz drove P.L. around the city of St. Louis. The detective drove her to all the abandoned grocery stores in the area. P.L. could not identify any of the grocery stores as the place where the rape took place, although she stated she was sure that the rape happened in the city of St. Louis.

The state charged Taylor with one count of forcible rape under section 566.030.[1] On the first day of trial, Taylor filed a motion to dismiss for improper venue because the victim did not know where the incident took place. The trial judge overruled the motion.

At the close of the state's evidence, Taylor filed a motion for judgment of acquittal based on improper venue. Taylor argued that there was no evidence that the incident occurred in the city of St. Louis and, therefore, venue was improper. The trial judge overruled the motion.

Taylor then requested that the trial judge allow him in closing argument to argue that the state had not proved beyond a reasonable doubt that the rape had occurred in the city of St. Louis as required by the Missouri approved jury instruction for forcible rape, MAI–CR

1. All statutory references, unless otherwise specified, are to RSMo 2000.

320.01. The approved instruction, MAI–CR 320.01, which the parties agreed to use, states,

"(As to Count ——, if) (If) you find and believe from the evidence beyond a reasonable doubt:

First, that (on) (on or about) [*date*], in the (City) (County) of, State of Missouri, the defendant had sexual intercourse with [*name of victim*], and

Second, that defendant did so by use of forcible compulsion, And

Third, that defendant did so knowingly, then you will find the defendant guilty (under Count ——) of forcible rape (under this instruction).

However, unless you find and believe from the evidence beyond a reasonable doubt each and all of these propositions, you must find the defendant not guilty of that offense."

The trial court refused to allow defense counsel to argue that the state did not prove that the rape occurred in the city of St. Louis. The trial court did, however, allow Taylor to argue the issue of location to the extent that it affected P.L.'s credibility. During closing arguments, defense counsel argued that P.L. was lying because if she were telling the truth, she would know where the rape occurred.

The jury returned with a verdict of guilty of one count of forcible rape. Taylor was sentenced to prison as a prior and persistent sexual offender. On appeal, the court of appeals transferred the case to this Court pursuant to Rule 83.02.

### Analysis

Taylor argues that the trial court impermissibly lessened the state's burden by not allowing defense counsel to argue that the state failed to prove the rape occurred in the city of St. Louis. Taylor points to MAI–CR 320.01, which requires the state to prove, as an element of the offense, that the crime occurred in the county where the trial is being held.

■ Taylor correctly points out that the state must prove beyond a reasonable doubt "every fact necessary to constitute the crime with which [the defendant] was charged." *State v. Erwin*, 848 S.W.2d 476, 481 (Mo. banc 1993), (quoting *Sandstrom v. Montana*, 442 U.S. 510, 520, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979)). Section 566.030.1 sets forth the elements of forcible rape under Missouri law. The statute provides that "a person commits the crime of forcible rape if such person has sexual intercourse with another person by the use of forcible compulsion." Under this statute, location is not a "fact necessary to constitute the crime" of rape; thus, for this crime, the state need not prove beyond a reasonable doubt the location where the crime occurred. *Erwin* at 481.

■ Taylor argues that, despite the absence of venue as an element of the crime in section 566.030.1, the inclusion of venue as an element under Missouri Approved Instruction 320.01—which this Court approved—is presumptively correct. *See State v. Huckleberry*, 823 S.W.2d 82, 86 (Mo.App.1991); Rule 28.02(c). When an approved instruction conflicts with a statute, however, the statute prevails. *State v. Carson*, 941 S.W.2d 518, 520 (Mo. banc 1997). Insofar as the MAI–CR 320.01 makes venue an element of the offense of rape, it is incorrect.[2]

---

**2.** Paragraph First of MAI–CR 320.01 submits to the jury the proposition that on (or on or about) a certain date, in the city of St. Louis the defendant had sexual intercourse with the victim. One could ask whether this submits one proposition or two: if the jury believed that there was sexual intercourse, but did not find that it occurred in the city, the jury presumably would find the answer was no. This conclusion might be inferred from the

While not an element of the offense of forcible rape, correct venue is an important procedural right of the criminal defendant. The Missouri Constitution provides that a criminal defendant has the right to stand trial in the county in which he is alleged to have committed the crime. Missouri Constitution article I, section 18(a); section 541.033.1(1); *State v. Garrett*, 416 S.W.2d 116, 118 (Mo.1967).[3]

■■■ Though it is an important procedural right of the criminal defendant, proper venue is not a jurisdictional requirement. Jurisdiction describes the power of a court to try a case, while venue relates to the locale where the trial is to be held. 21 Am.Jur.2d *Criminal Law* section 503 (2007). Jurisdictional doctrine prevents courts from holding trials when the crime at issue occurred out of state; a state court lacks the authority to enforce criminal law unless the conduct, or some substantial portion of it, occurred within the state. *State v. Kleen*, 491 S.W.2d 244, 245 (Mo.1973) (citing *State v. Shaeffer*, 89 Mo. 271, 1 S.W. 293 (1886)). Venue determines, among many courts with jurisdiction, the appropriate forum for the trial. 21 Am.Jur.2d *Criminal Law* section 503 (2007).

■■■ Article I, section 18(a) of the Missouri Constitution protects criminal defendants from the hardship and unfairness that would result if the state chose to prosecute in a remote location.[4] Although venue in criminal cases is prescribed in the Missouri constitution, the venue requirement is not absolute and can be waived. Waiver occurs, for example, when a criminal defense moves for a change of venue. Rules 32.03 and 32.04.

If a criminal defendant believes venue is incorrect, the defendant must object. If the defendant does not object, the case can be tried even though venue would otherwise be incorrect. Incorrect venue does not affect a trial court's power to render judgment. By contrast, a lack of jurisdiction means that a court has no power to hear a case. 21 Am.Jur.2d *Criminal Law* section 503.

Historically, Missouri cases melded the concepts of jurisdiction and venue in both civil and criminal contexts. *State ex rel. DePaul Health Center v. Mummert*, 870 S.W.2d 820, 821 (Mo. banc 1994) (citing *Oney v. Pattison*, 747 S.W.2d 137 (Mo. banc 1988)). Section 506.110.1(1), RSMo 1986, a prior version of the Missouri statute on commencement of civil suits and service of process, illustrated this confusion. It provided that, "Suits may be instituted in courts of record ... [b]y filing in the office of the clerk of the *proper* court a petition setting forth the plaintiff's cause or causes of action." (Emphasis added.)

portion of the instruction that requires that unless the jury finds *"each and all* of these propositions (as submitted in MAI–CR 320.01), you must find the defendant not guilty." (Emphasis added.)

**3.** Federal law also recognizes venue as an important procedural right in criminal cases. In *Dean v. United States*, 246 F.2d 335 (8th Cir.1957), the Eighth Circuit explained that while venue "is not an integral part of a criminal offense and may not require proof beyond a reasonable doubt it must nevertheless be proved because the accused, under the Sixth Amendment to the Constitution is guar-

anteed the right to a public trial by an impartial jury of the state and district wherein the crime shall have been committed." Id. at 338.

**4.** "That in criminal prosecutions the accused shall have the right to appear and defend, in person and by counsel; to demand the nature and cause of the accusation; to meet the witnesses against him face to face; to have process to compel the attendance of witnesses in his behalf; and a speedy public trial by an impartial jury of the county." Missouri Constitution article I, section 18(a).

Courts interpreting this statute reasoned that because service of process could not issue except from a "proper" court, a court in which venue did not lie lacked jurisdiction. *Mummert* at 822. The General Assembly in 1989 removed the word "proper" from Section 506.110.1(1). Section 506.110.1(1), RSMo Supp.2000; *Mummert* at 822. Interpreting the change, this Court reasoned that by removing the word "proper", the General Assembly severed the concepts of venue and jurisdiction. *Id.* Thus, the Court in *Mummert* held, a court where venue was not proper could still have personal jurisdiction over a defendant in a civil case. *Id.*

The General Assembly, in the same 1989 bill, also changed the remedy for incorrect venue from dismissal to transfer in section 476.410, which provides: "The division of a circuit court in which a case is filed laying venue in the wrong division or wrong circuit shall transfer the case to any division or circuit in which it could have been brought." Senate Bill 127.

Section 476.410 by its language applies both to civil and criminal cases. The statute recognizes that the cure for incorrect venue is transfer, not dismissal.

While *Mummert* used the statutory changes to end the confusion between venue and jurisdiction in civil cases, Missouri case law involving venue in criminal cases still reflects the misconception that proper venue is a prerequisite for a valid judgment. The prosecution under current criminal case law must prove proper venue by a preponderance of the evidence at trial. *State v. Burns*, 48 Mo. 438, (Mo. 1871); *State v. Lingar*, 726 S.W.2d 728, 732 (Mo. banc 1987); *State v. Bradford*, 462 S.W.2d 664, 671 (Mo.1971); *State v. Garrett*, 416 S.W.2d 116, 118 (Mo.1967); *State v. Thomas*, 705 S.W.2d 579, 583 (Mo. App.1983). These cases spell out that "[w]hile venue must be proved, it is not an integral part of an offense and thus need not be proven beyond a reasonable doubt or by direct evidence; instead, venue may be inferred from all the evidence." *Lingar*, at 732 (citing *Garrett*). But since the remedy for incorrect venue is transfer, under section 476.410, an objection to venue cannot wait until the trial has begun.

▉▉▉ A defendant's objection to venue must be made before trial. If the defendant challenges the correctness of venue, the trial court must determine the issue. The prosecution, under *Burns* and the other cases cited above, must then prove by a preponderance of the evidence that the crime occurred in the county where the case is filed. Since the objection to venue is a pretrial matter, and venue is not an element of the offense, the judge will determine the facts as to venue. If, after the defendant objects to venue, the state fails to prove that venue is correct, the trial court should transfer the case to a county where venue is proper, as required by section 476.410.

▉▉▉ To the extent that previous cases—e.g., *Burns, Lingar, Bradford,* and *Garrett*—require the state to prove venue at trial, they should no longer be followed.[5]

---

5. The civil rules have been amended to reflect the change effected by section 476.410, but the criminal rules have not. Under Rule 51.045(a), a party to a civil suit seeking to transfer a case due to improper venue must file a motion to transfer within 60 days of service. If the court determines that venue is improper, the court "shall order a transfer of venue to a court where venue is proper." Rule 51.045(c). As the facts in this case indicate, the same procedure may be inapt for criminal prosecutions. Taylor probably would not be aware of the weaknesses of the prosecution's case as to the location of the crime until after adequate discovery, so the 60–day deadline of Rule 51.045 may be inappropriate. Until a rule is promulgated, the burden will be on defendant to object to ven-

■ Under this analysis, there was error because the issue of proper venue was not ruled upon until trial. This error, however, was invited because Taylor did not object to venue before trial.

■ Any error as to venue was not prejudicial in this case. Taylor had the opportunity to argue that P.L.'s inability to recall the location of the rape affected her credibility. Because the trial court used MAI–CR 320.01 as the jury instruction in this case, the jury's verdict of guilty reflects its decision, beyond a reasonable doubt, that the rape occurred in the city of St. Louis. The jury's determination that the state had met this higher burden of proof indicates that the failure to address venue in a pretrial proceeding was not prejudicial.

## Conclusion

The judgment of the circuit court is affirmed.

ALL CONCUR.

ue prior to trial, after adequate discovery, so that the trial court can have a pretrial hearing on the matter. A trial court has the discretion to set a reasonable deadline on motions related to venue so that the hearing on venue does not delay the trial of the case.