**STATE of Missouri, Plaintiff–Respondent,**

v.

**Hernando ROWE, Defendant–Appellant.**

**No. SD 30735.**

Missouri Court of Appeals,
Southern District,
Division Two.

Jan. 13, 2012.

Motion for Rehearing or Reconsideration and
Transfer to Supreme Court Denied Feb. 2, 2012.

Application for Transfer Denied
May 1, 2012.

Stephen J. Nangle, St. Louis, MO, for Appellant.

Chris Koster, Atty. Gen., Daniel McPherson, Asst. Atty. Gen. Jefferson City, MO, for Respondent.

JEFFREY W. BATES, Judge.

After a jury trial, Hernando Rowe (Defendant) was convicted of statutory sodomy in the first degree. *See* § 566.062.[1] On appeal, Defendant contends: (1) the trial court erred in failing to grant Defendant's motion for judgment of acquittal or new trial because the State failed to present sufficient evidence about venue to make a submissible case; and (2) the trial court plainly erred in failing, *sua sponte*, to instruct the jury on the lesser-included offense of child molestation in the first degree. Finding no merit in either argument, we affirm.

"We view the evidence and all reasonable inferences derived therefrom in a light most favorable to the verdict and disregard any contrary evidence and inferences." *State v. Carney*, 195 S.W.3d 567, 568 (Mo.App.2006). So viewed, the following evidence was adduced at trial.

In August 2009, Defendant lived on Montgomery Street in Sikeston with his wife, his daughter and his stepdaughter, T.B. August 2nd was T.B.'s 12th birthday. On that day, T.B. was at home playing cards when Defendant pulled his penis out of his pants and told T.B. to "play with this." She refused. Defendant grabbed T.B. by the neck and pushed her against the wall. Defendant told T.B. to touch his penis. When T.B. again refused, Defendant grabbed her hand and placed it on his penis. Following an incident later that month in which T.B. publicly accused Defendant of trying to make her touch his penis, Defendant was arrested. T.B. told a police officer that Defendant had made T.B. squeeze his penis two times on her birthday. T.B. was referred to the Network Against Sexual Violence in Cape Girardeau. She told a forensic interviewer that Defendant slammed her against the wall and made her touch and squeeze his penis. The jury convicted Defendant of first-degree statutory sodomy, and this appeal followed.

*Point I*

Defendant's first point presents an alleged error involving the issue of venue. The following facts are relevant to this issue.

In August 2009, a Scott County prosecutor filed a criminal complaint alleging, in relevant part, that Defendant had committed the crime of first-degree sodomy in violation of § 566.062 by having deviate sexual intercourse with T.B. A probable cause affidavit was attached to the complaint. The affiant officer stated that T.B. had said Defendant "made her touch his penis on several occasions in Sikeston Mo at their house." In December 2009, a felony information was filed against Defendant in the Circuit Court of Scott County. The first count of that information alleged that Defendant committed the crime of statutory sodomy in the first degree by having deviate sexual intercourse with T.B. in Scott County.

---

1. All references to statutes are to RSMo Cum. Supp. (2008) unless otherwise specified. All references to rules are to Missouri Court Rules (2011).

Defendant's motion for a change of venue was granted, and the case was transferred to Stoddard County. Thereafter, the parties stipulated to a change of venue to New Madrid County. An amended information filed in New Madrid County reiterated the prior allegation that Defendant had committed the crime of first-degree statutory sodomy in Scott County.

The case was tried in New Madrid County. At no point before the commencement of trial did Defendant object to venue. T.B. testified that she lived with Defendant at their home, which was located on Montgomery Street in Sikeston. On her birthday, T.B. was playing cards at home when Defendant made her touch his penis. Sikeston Police Officer Hawkins subsequently testified that Defendant's home was located in Scott County. Thereafter, Sikeston Police Detective Caton testified that Defendant's home was in New Madrid County.

At the close of the State's evidence, Defendant filed a motion for judgment of acquittal. Defense counsel argued that dismissal was required because the information alleged that the crime occurred at Defendant's home in Scott County, but Detective Caton had testified that Defendant's home was actually in New Madrid County. The court denied the motion. During the Defendant's case-in-chief, he testified that he had lived at his home on Montgomery Street for over four years and paid personal property taxes to New Madrid County during that time. Defendant renewed his motion for judgment of acquittal at the close of all of the evidence, and the motion was again overruled.

As required by MAI–CR 3d 320.11, paragraph first of Instruction No. 5 hypothesized that, in Scott County, Defendant had T.B. place her hand on his penis. Before closing arguments, the State made an oral motion in limine to prevent defense

counsel from arguing the issue of venue to the jury because Defendant had failed to raise the issue before trial. The trial court agreed and granted the motion. After Defendant was convicted, he filed a post-trial motion for judgment of acquittal. The motion asserted that he was entitled to an acquittal because "venue was improper. . . ." The trial court denied the motion. At Defendant's sentencing hearing, defense counsel raised the issue again. Counsel argued that the State had failed to prove all of the elements of the crime because there was some evidence that the events actually occurred in New Madrid County, rather than Scott County. The trial court denied the motion because: (1) Defendant waived the issue; and (2) the case was tried in New Madrid County before a jury of that county's residents.

Defendant's first point contends that the trial court erred in failing to sustain Defendant's motion for judgment of acquittal or grant a new trial. Defendant advances two arguments in support of that claim of error.

First, Defendant argues that: (1) Detective Caton's testimony during the State's case-in-chief showed that venue in Scott County was improper; and (2) once Detective Caton testified, the trial court was required by § 541.120 RSMo (2000) to certify the cause for transfer to New Madrid County and discharge the jury without prejudice pursuant to § 541.130 RSMo (2000). Because Defendant made no such request to the trial court, this alleged error is unpreserved. *See State v. Herndon,* 224 S.W.3d 97, 104 (Mo.App.2007). An appellate court generally will not find that a trial court erred on an issue that was not put before it to decide. *State v. Davis,* 348 S.W.3d 768, 770 (Mo. banc 2011). *Ex gratia* review reveals no plain error because the statutes cited by Defendant have no application here. Assuming *arguendo* that

Scott County was an improper venue, the case was transferred to New Madrid County by agreement of the parties prior to trial. *See* Rule 32.02. Rather than causing any prejudice to Defendant, this procedure resulted in him being tried in the county where he admits venue was proper. The first prong of Defendant's argument has no merit.

■■■ Second, Defendant argues that the State failed to make a submissible case due to the lack of proper evidence about venue. We find no merit in this argument. Location is not an essential element of the crime of first-degree statutory sodomy. *See State v. Gaines*, 316 S.W.3d 440, 454 (Mo.App.2010). Consequently, the State was not required to prove that Defendant's conduct occurred in Scott County. *See id.* The inclusion of that issue in paragraph First of Instruction No. 5 did not make venue an element of the crime of first-degree statutory sodomy. *See State v. Taylor*, 238 S.W.3d 145, 148 (Mo. banc 2007); *State v. Wolfe*, 332 S.W.3d 877, 879–80 (Mo.App.2011). Insofar as MAI–CR 3d 320.11 purports to make venue an element of that offense, the pattern instruction is incorrect. *See Taylor*, 238 S.W.3d at 148; *Wolfe*, 332 S.W.3d at 879–80; *Gaines*, 316 S.W.3d at 454. Although Defendant frames the issue as one involving the sufficiency of the evidence, he really is attempting to assert a venue argument that he waived. *See Gaines*, 316 S.W.3d at 454.

■■■ We recognize that proper venue is an important procedural right for a criminal defendant. *Taylor*, 238 S.W.3d at 149. If venue is properly challenged before trial, it is an issue for the trial judge to determine. *Id.* at 150. If the State fails to prove to the trial judge by a preponderance of the evidence that venue is correct, the judge should transfer the case to a county where venue is proper. *Id.* Failure to object to venue prior to trial

results in a waiver of that issue. "If the defendant does not object, the case can be tried even though venue would otherwise be incorrect." *Id.* at 149. A criminal defendant can waive an objection to venue in other ways as well. For example, a waiver occurs when a criminal defendant moves for a change of venue. *Id.*

Here, Defendant had personal knowledge that the events giving rise to the statutory sodomy charge occurred in his own home, which he believed to be located in New Madrid County. Thus, he had sufficient information to challenge venue in Scott County as soon as charges were filed against him. Assuming *arguendo* that venue there was incorrect and that Defendant had timely raised the issue before trial, the only available relief would have been a transfer to New Madrid County. *Id.* at 150. Defendant waived the venue issue by: (1) failing to timely object to venue in Scott County; (2) moving for a change of venue to Stoddard County; and (3) agreeing to a change of venue to New Madrid County. *Id.* at 149–50. As a result of Defendant's own actions, he was actually tried in a county where he admits venue was correct.

Neither prong of Defendant's argument has any merit. Accordingly, Point I is denied.

### Point II

■■■ Defendant's second point involves the issue of jury instructions. The following facts are relevant to this issue.

As noted above, T.B. testified at trial about the occurrence on her birthday when Defendant made T.B. put her hand on his penis. During Defendant's case-in-chief, he was called as a witness and gave the following testimony:

Q. And, what happened?

A. I went in the room and I told [T.B.] to put her cards up, and told her to clean up, and she told me that, I didn't, couldn't tell her what to do.

Q. All right. Now, she accused you of grabbing her by her throat and choking her, pushing her up against the wall, grabbing her hand, did that happen?

A. No, sir, it didn't.

Q. She's accused you of grabbing her hand, and, somehow making her touch your penis, did that happen?

A. No, sir, it didn't.

Q. Did you forcibly, or in any way, make her touch your penis?

A. No, sir, I didn't.

Q. How were you dressed that day?

A. I had on a white t-shirt, with, some shorts that go down to my knee.

Q. Did anything happen between the two of you when this happened? I mean, did she stand up, did you all have any exchange, physically?

A. I grabbed her by her arms.

Q. You grabbed her arms?

A. Yes.

Q. Did you in any way hurt her?

A. No, sir, I didn't.

Q. Okay. Did you push her in to yourself?

A. No, I swung her around.

Q. Okay.

A. Told her to listen to what I tell her to do.

Q. Did she in any way touch you?

A. No, sir, she didn't.

Q. Did you in any way, other than grabbing both of her hands, is that the only thing you did?

A. Yes, sir, it is.

Q. Did you in any way grab either of your hands and force her hand toward where your privates is?

A. No, sir, I didn't.

During the instruction conference, the prosecutor tendered Instruction No. 5, which submitted the crime of first-degree statutory sodomy to the jury. Defense counsel did not request or tender an instruction submitting first-degree statutory child molestation as a lesser-included offense.

In Defendant's second point, he contends the trial court plainly erred by failing to give the jury an instruction on first-degree child molestation. Defendant argues that the trial court was obliged to give this lesser-included-offense instruction *sua sponte*. Defendant concedes this alleged error is unpreserved, and he seeks plain error review pursuant to Rule 30.20.

■■■■ "Plain error review is discretionary." *State v. Eoff,* 193 S.W.3d 366, 374 (Mo.App.2006). A request for plain error review requires this Court to go through a two-step analysis. *Id.* at 375. "First, we determine whether the asserted claim of plain error facially establishes substantial grounds for believing a manifest injustice or miscarriage of justice has occurred." *State v. Stanley,* 124 S.W.3d 70, 77 (Mo.App.2004). Only if facially substantial grounds are found to exist do we then move to the second step of this analysis and determine whether a manifest injustice or miscarriage of justice has actually occurred. *Id.* To find plain error in the context of jury instruction, the trial court "must have so misdirected or failed to instruct the jury as to cause manifest injustice or miscarriage of justice." *State v. Black,* 50 S.W.3d 778, 788 (Mo. banc 2001) (citation omitted); *see Eoff,* 193 S.W.3d at

375. "Absent a finding of facial plain error, this Court should decline its discretion to review the claim." *State v. Amerson*, 259 S.W.3d 91, 94 (Mo.App.2008).

 First-degree child molestation is a lesser-included offense of first-degree statutory sodomy. *State v. Peeples*, 288 S.W.3d 767, 771 (Mo.App.2009); *see* § 566.067.1. Defendant argues that the trial court was required to give the lesser-included-offense instruction, even though defense counsel did not request one.

 A trial court is required to instruct the jury on the lesser-included offense when two prerequisites are present: (1) the defendant requests the instruction, and (2) the evidence provides a basis for a verdict acquitting defendant of the charged, greater offense and yet convicting defendant of the lesser offense. *State v. Derenzy*, 89 S.W.3d 472, 474 (Mo. banc 2002). Here, Defendant failed to meet the first prerequisite because he did not request that a lesser-included instruction on first-degree child molestation be given.[2] It is well settled that the trial court was not obligated to give such an instruction *sua sponte*. *See State v. Mayes*, 63 S.W.3d 615, 636 (Mo. banc 2001) (a lesser-included-offense instruction is not required to be given unless the defendant requests it); *Black*, 50 S.W.3d at 788 (the defendant must specifically request a lesser-included-offense instruction); *State v. Fowler*, 938 S.W.2d 894, 898 (Mo. banc 1997) (if a defendant does not specifically request a lesser-included-offense instruction, he may not complain about the trial court's failure to give one); *State v. Fackrell*, 277 S.W.3d 859, 864–65 (Mo.App.2009) (same holding as *Fowler*); *State v. Williams*, 145 S.W.3d 874, 878 (Mo.App.2004) (same holding as *Fowler*).

In *Fowler*, the defendant complained that the trial court committed plain error by not giving a lesser-included-offense instruction *sua sponte*. Our Supreme Court rejected that argument for reasons equally applicable to the case at bar:

Appellant's next point asserts that the trial court erred in failing to instruct the jury *sua sponte* on the lesser included offense of stealing less than one hundred fifty dollars. When a defendant requests a lesser included offense instruction, the trial court errs in not giving the instruction if there is a basis for both an acquittal of the higher offense and a conviction of the lesser included offense. Here, appellant did not request the instruction for misdemeanor stealing. If a defendant does not specifically request a lesser included offense instruction, the defendant may not complain about the trial court's failure to give the instruction. Even under plain error review appellant cannot prevail. For instructional error to rise to the level of plain error, the trial court must have so misdirected or failed to instruct the jury as to cause manifest injustice or miscarriage of justice. Defendant bears the burden of establishing manifest injustice. Part of the rationale for the rule that requires a defendant to request a lesser included instruction before the defendant can complain that the instruction was not given is related to trial strategy. It is often a matter of strategy as to whether or not to request a lesser included offense instruction. A tactical decision not to request the lesser included offense instruction is based upon the

2. Because we do not reach the second prerequisite, we express no opinion on whether Defendant would have been entitled to such an instruction if one had been requested.

belief that the jury may convict of the lesser offense if it is submitted, but the jury may not convict the defendant of any crime if the lesser offense is not submitted.

*Fowler,* 938 S.W.2d at 898 (citations omitted).[3] Our Supreme Court utilized that same rationale in *Black* when it held that "[d]efendants may waive the giving of lesser-included-offense instructions. Foregoing such instructions may be trial strategy. Because defendant did not specifically request lesser-included-offense instructions, the trial court did not plainly err in not giving such instructions." *Black,* 50 S.W.3d at 788 (citations omitted).

At trial, Defendant testified on his own behalf and explicitly denied that T.B. ever touched his penis during their encounter on her birthday. Thus, defense counsel may have been pursuing an all-or-nothing strategy at trial and opted not to request a lesser-included-offense instruction. A post-conviction proceeding is the proper forum to resolve that issue. *See State v. Dexter,* 954 S.W.2d 332, 343–44 (Mo. banc 1997); *State v. Williams,* 145 S.W.3d 874, 878 (Mo.App.2004).

Defendant did not request that the jury be given a lesser-included-offense instruction submitting first-degree child molestation. The trial court did not plainly err by failing to give such an instruction *sua sponte. See State v. Mayes,* 281 S.W.3d 918, 920–21 (Mo.App.2009). Based upon our review of the record, Defendant has failed to facially establish substantial grounds for believing that his asserted claim of plain error resulted in a manifest injustice or miscarriage of justice. Point II is denied.

3. The principal case cited by Defendant is *State v. Pond,* 131 S.W.3d 792 (Mo. banc 2004). That case is distinguishable because

The judgment of the trial court is affirmed.

BARNEY, J., and FRANCIS, P.J., concur.

the trial court refused to give defendant's tendered lesser-included-offense instruction. *Id.* at 793.