**STATE of Missouri, Respondent,**

v.

**Brian L. HICKS, Appellant.**

**WD 79610**

Missouri Court of Appeals, Western District.

OPINION FILED: June 6, 2017

CORRECTED 06/07/2017

Application for Transfer to Supreme Court Denied June 29, 2017

Natalie Hull, Kansas City, MO, Counsel for Appellant.

Kelsey Blackwell, Independence, MO, Counsel for Respondent.

Before Division Two: Thomas H. Newton, P.J., James Edward Welsh, and Karen King Mitchell, JJ.

James Edward Welsh, Judge

Brian L. Hicks appeals his conviction following a bench trial for one count of first-degree sexual misconduct (§ 566.093, RSMo [1]), a class B misdemeanor, for which he was sentenced to 180 days in the Jackson County Department of Corrections. We affirm.

## Background

The evidence presented at Hicks's bench trial showed that, on the morning of June 1, 2015, Patricia Stefancik was at a McDonald's restaurant with her husband and noticed Hicks sitting at a nearby table. Stefancik could see that Hicks was holding his exposed penis in his hand and masturbating. Stefancik, who identified Hicks at trial, told the judge that she was "shocked to see something like that in public." Stefancik also saw that there was a child

---

1. Statutory references are to the Revised Statutes of Missouri (RSMo) 2000, as updated by the 2013 Cumulative Supplement and the 2014 Non-Cumulative Supplement.

sitting nearby, so she notified a McDonald's employee about the situation.

The police were summoned, and Hicks was promptly arrested and taken to a detention facility where he was "under the control of the City of Independence, its jail staff, and its police department." That afternoon, Hicks was interviewed by Independence Missouri Police Detective Robert Brady. The detective went over the *Miranda*[2] warnings with Hicks, and Hicks agreed to speak with him.

The interrogation was not recorded, but Detective Brady recounted that Hicks told him that he was masturbating in the McDonald's restaurant, and there was a woman there who seemed "alarmed by his behavior." Hicks told the officer that he did not think anybody could see him where he was at, and he stated that "he didn't have any intention on harming anybody."

Psychologist Dr. Eric Gaughan testified for the defense that he had examined Hicks at the Jackson County Detention Center shortly before the trial. The doctor sought to determine whether Hicks, who has a history of mental health issues, had understood the *Miranda* warnings when he agreed to speak with Detective Brady.

The circuit court ultimately found Hicks guilty of first-degree sexual misconduct and sentenced him to 180 days in the Jackson County Department of Corrections. Hicks was given credit for time served and released. Hicks appeals.

## Discussion

Hicks contends that the circuit court erred in finding him guilty of sexual misconduct because the State produced no evidence to establish that the crime occurred in the State of Missouri, in that there was no evidence at trial as to *where* the McDonald's restaurant was located, and, thus, the State failed to establish its jurisdiction over the crime.

■■■ We review a claim of insufficient evidence to establish that the crime occurred in Missouri under the same standard that we apply to a claim of insufficient evidence. *See State v. Williams*, 455 S.W.3d 1, 5-6 (Mo. App. 2013) (noting that a claim that the State "failed to prove beyond a reasonable doubt that the crimes occurred in Missouri" "takes the form of a sufficiency-of-the-evidence challenge"). In reviewing a claim of insufficient evidence in a court-tried criminal case, we are limited to determining whether there is sufficient evidence from which the trial court could have reasonably found the defendant guilty. *State v. Vandevere*, 175 S.W.3d 107, 108 (Mo. banc 2005). In applying this standard, we accept all evidence and inferences favorable to the judgment as true, and we disregard all evidence and inferences to the contrary. *Id.* We greatly defer to the trier of fact, and we give equal weight to circumstantial evidence and direct evidence. *State v. Shoemaker*, 448 S.W.3d 853, 856 (Mo. App. 2014).

■■■ Pursuant to section 541.191, Missouri courts have jurisdiction to enforce a criminal law if any element of the crime occurs within the state.[3] "Jurisdiction describes the power of a court to try a case." *State v. Taylor*, 238 S.W.3d 145, 149 (Mo. banc 2007). "Jurisdictional doctrine prevents courts from holding trials when the

---

**2.** *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

**3.** Pursuant to section 541.191.1(1), Missouri "has jurisdiction over an offense that a person commits by his own conduct or the conduct of another for which such person is legally accountable if [c]onduct constituting any element of the offense or a result of such conduct *occurs within this state*[.]" (Emphasis added.)

crime at issue occurred out of state; a state court lacks the authority to enforce criminal law unless the conduct, or some substantial portion of it, occurred within the state." *Id.* A court cannot hear a case if it lacks jurisdiction. *Id.* The standard of proof required to establish jurisdiction in a criminal case has not been definitively resolved in Missouri. *Williams*, 455 S.W.3d at 6.[4] As was the case in *Williams*, however, we need not decide that issue "because we are convinced that the evidence adduced here was sufficient under the highest standard—beyond a reasonable doubt—to establish that Missouri has jurisdiction." *Id.*

Hicks argues that, here, "the State produced no evidence alleging where any element of the crime occurred, thus failing to prove *beyond any standard of proof* that the crime occurred in Missouri." (Emphasis added.) He claims that *State v. Kleen*, 491 S.W.2d 244 (Mo. 1973), is "directly on point." There, the defendant was convicted in Missouri on an insufficient funds check charge. *Id.* at 244. The appellate court reversed, finding that, while the check was signed in Missouri, the acts necessary to make the instrument a "check" under the applicable statute (*i.e.*, filling in the "amount" and "payable to" sections) occurred later in Tennessee. *Id.* at 245-46. Thus, the offense was committed in Tennessee, and Missouri did not have jurisdiction. *Id.* We find *Kleen* to be distinguishable. There was direct evidence in *Kleen* that the crime actually occurred in Tennessee. Here, there is *no evidence* that the crime occurred in another state. As in *Williams*, however, there is circumstantial evidence from which a reasonable trier of

fact could find that the crime occurred in Missouri.

In *Williams*, the appellant contested his convictions for statutory sodomy by claiming that the State failed to prove that the crimes took place in Missouri. 455 S.W.3d at 5-6. There, the State presented evidence that the defendant would pick up the victim in Arkansas and take her to his home in Missouri. *Id.* at 7. The appellate court held that, by presenting evidence that the victim visited defendant and that defendant lived at a Missouri residence during the charge period, the State presented *sufficient circumstantial evidence* for a fact-finder to infer that the alleged crime occurred in Missouri. *Id.* In response to the appellant's suggestion that circumstantial evidence could not establish jurisdiction, the Court explained:

> [T]he general rule is that "[t]he State may prove its case by presenting either direct or circumstantial evidence connecting the defendant to each element of the crime." .... Here, jurisdiction is not, strictly speaking, an element of [the crime]. Defendant, however, has not cited ... any legal authority supporting the notion that proof of jurisdiction requires any greater evidentiary basis than that required to prove an element of the offense. *Because circumstantial evidence may provide a sufficient evidentiary basis for proving an element of the offense, we see no reason why it cannot provide a sufficient evidentiary basis to support a finding of jurisdiction.*

*Id.* (internal citations omitted) (emphasis added). Hicks attempts to distinguish

4. The *Williams* Court noted that "of the states that have addressed the standard of proof for establishing jurisdiction when factually disputed [sic] in a criminal context, the dominate [sic] view is that the state must establish its jurisdiction beyond a reasonable doubt." 455

S.W.3d at 6 n. 6 (citing *People v. Gayheart*, 285 Mich.App. 202, 776 N.W.2d 330, 338 (Mich. Ct. App. 2009) (collecting cases); Wayne R. LaFave, *et al.*, CRIMINAL PROCEDURE 16.4(d) (3d ed. 2007)).

*Williams* by arguing that, in his case, "the State failed to adduce *any evidence*—direct or circumstantial—that a reasonable fact-finder could use to infer and conclude by any standard of proof that the alleged crime occurred in Missouri." We disagree.

Viewing the evidence in the light most favorable to the judgment, the State presented sufficient circumstantial evidence from which it reasonably could be inferred that the crime occurred in Independence, Missouri. Hicks was arrested shortly after the incident and taken to the Independence Police Department's jail. That same afternoon, he was interviewed by Detective Robert Brady from the Independence Missouri Police Department regarding the offense that took place that morning. At trial, the State introduced into evidence a form entitled: "INDEPENDENCE MO POLICE DEPARTMENT Warning of Rights," from which Detective Brady read Hicks his *Miranda* rights. From the foregoing, the court could reasonably infer that a Missouri police department was investigating a crime that occurred in Missouri. In addition, although Hicks did not need to raise the issue of the court's jurisdiction in order to preserve it for appellate review, *see* Rule 29.11(e), the fact that the defense did not at any point object to the venue of the trial also supports the inference that the crime took place in Missouri. All of this constitutes sufficient circumstantial evidence to establish jurisdiction beyond a reasonable doubt.

While the trial court did not make a specific finding as to jurisdiction, we can reasonably infer from the court's finding of guilt that the court found that the State had established all elements of the crime, ***including jurisdiction***. Where the facts support conflicting inferences, we " 'must presume—even if it does not affirmatively appear in the record—that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution.' " *Shoemaker*, 448 S.W.3d at 858-59 (quoting *State v. Chaney*, 967 S.W.2d 47, 53-54 (Mo. banc 1998)). Thus, we must presume that the trial court found that Hicks committed the crime in the State of Missouri and that Missouri therefore had jurisdiction. Accordingly, applying the requisite deference to the trial court's judgment, this point is denied. *See id.* at 859.

Based on the foregoing, we affirm the circuit court's judgment.

Judge Karen King Mitchell writes a separate concurring opinion.

Karen King Mitchell, Judge

While I agree with the majority that reversal is unwarranted, I write separately to note that, because jurisdiction is not an element of the crime with which Hicks was charged, the State was not required to prove it beyond a reasonable doubt. Instead, like venue, jurisdiction may be inferred from all the evidence. And, here, the evidence supports, at a minimum, a reasonable inference that the trial court had jurisdiction over the offense.

While the State is bound to prove a defendant's guilt beyond a reasonable doubt, that standard applies to only those "fact[s] necessary to constitute the crime," which are identified in the statute criminalizing the conduct at issue. *State v. Taylor*, 238 S.W.3d 145, 148 (Mo. banc 2007). Jurisdiction, like venue, is not an essential element of the offense with which Hicks was charged. Hicks was charged with first-degree sexual misconduct under § 566.093, RSMo Cum. Supp. 2016. "A person commits the offense of sexual misconduct in the first degree if such person: (1) Exposes his or her genitals under circumstances in which he or she knows that his or her conduct is likely to cause affront or alarm." There is nothing in the statute making jurisdiction an essential element. In *State*

*v. Williams*, 455 S.W.3d 1, 7 (Mo. App. S.D. 2013), using similar reasoning, the Southern District of this court held that "jurisdiction is not, strictly speaking, an element of statutory sodomy" because nothing in the statute criminalizing statutory sodomy required proof of jurisdiction. Similarly, because nothing in the statute criminalizing Hicks's conduct made jurisdiction a fact necessary to constitute the offense, the State was not required to prove it beyond a reasonable doubt.

When the State must establish a fact other than an essential element, such as jurisdiction or venue, that fact need only be inferable from the record; it need not be established beyond a reasonable doubt by evidence at trial. *See, e.g., State v. Walton*, 920 S.W.2d 585, 586 (Mo. App. W.D. 1996) (holding that "[b]ecause venue is not an essential element, the state is not obligated to prove it beyond a reasonable doubt. It may be inferred from all of the evidence."). Jurisdiction, as a fact distinct from an essential element of the crime, should be proven by the same standard required of venue. And "[t]he standard by which venue must be established is whether it could be reasonably inferred by the facts and circumstances that the charged crime occurred within the trial court's jurisdiction." *Walton*, 920 S.W.2d at 586 (quoting *State v. Harper*, 855 S.W.2d 474, 480 (Mo. App. W.D. 1993)).

As laid out in the majority opinion, the evidence is sufficient to establish the reasonable inference that Missouri had jurisdiction over the crime. Because I would hold that Hicks's underlying premise that jurisdiction must be proved beyond a reasonable doubt in the evidence at trial is fundamentally flawed, I respectfully concur.