

# Missouri Court of Appeals

### Southern District

### Division Two

STATE OF MISSOURI,                    )
                                      )
    Plaintiff-Respondent,        )
                                      )
v.                                    )          No. SD36469
                                      )
KURTIS EDWARD AUSTIN,                 )          **Filed:  December 8, 2020**
                                      )
    Defendant-Appellant.         )

### APPEAL FROM THE CIRCUIT COURT OF DUNKLIN COUNTY

Honorable Robert N. Mayer

## **AFFIRMED**

Kurtis Edward Austin ("Defendant") appeals his conviction after a jury trial of one count of resisting a lawful stop.[1]  His sole point on appeal claims the trial court erred in denying his motion for judgment of acquittal at the close of the evidence because the evidence adduced at trial was insufficient to prove that Defendant knew, beyond a reasonable doubt, why the officer was attempting to pull Defendant over.  Because such knowledge is not an element of the offense charged, we affirm.

On March 13, 2019, Deputy Andrew Conley ("Deputy Conley") was on patrol in his conspicuously-marked vehicle that included large sheriff markings and an overhead light bar.  He was also wearing his uniform and gun belt.  Just before 9:00 p.m., Deputy Conley noticed a black Nissan passenger car with what he believed to be illegally-dark window

---

[1] Section 575.150.  Unless otherwise noted, all statutory citations are to RSMo 2016.

tinting.  The vehicle was also "failing to maintain the right half of the roadway."  Deputy Conley activated his lights and siren to initiate a stop, but Defendant increased his speed to approximately 100 miles per hour as he sped away.

Officer Jerry Gentry ("Officer Gentry") was in his full uniform, standing outside of his patrol vehicle on Main Street.  He also attempted to pull Defendant over by using his flashlight to motion Defendant to stop.  Defendant, still traveling at 100 miles per hour, narrowly missed hitting Officer Gentry as he sped by him.  Defendant further increased his speed to 120 miles per hour as he entered the highway.  Due to the dangerously high speeds that would be necessary to continue the chase, Officer Conley terminated his pursuit at that point.

Defendant crossed over into Arkansas and wrecked the vehicle.  Arkansas authorities took Defendant into custody and eventually contacted Officer Conley.  Officer Conley traveled to Arkansas and met with Defendant, who confirmed that he was the driver of the vehicle that Officer Conley had been pursuing.

> "To determine whether the evidence presented was sufficient to support a conviction ..., this Court does not weigh the evidence but rather accept[s] as true all evidence tending to prove guilt together with all reasonable inferences that support the verdict."  *State v. Clark*, 490 S.W.3d 704, 707 (Mo. banc 2016) (alteration in original).  The Court will "ignore all contrary evidence and inferences."  *State v. Latall*, 271 S.W.3d 561, 566 (Mo. banc 2008).  "Evidence is sufficient to support a conviction when there is sufficient evidence from which a reasonable [fact-finder] might have found the defendant guilty beyond a reasonable doubt."  *Clark*, 490 S.W.3d at 707 (quotation omitted).

**State v. Shaw**, 592 S.W.3d 354, 357 (Mo. banc 2019).

Defendant's sole point claims the trial court erred in overruling his motion for judgment of acquittal because the evidence was insufficient to support his conviction of resisting a lawful stop because "the evidence did not prove beyond a reasonable doubt that

2

[Defendant] knew or reasonably should have known that the police were seeking to stop his car for having windows tinted darker than the law allows and failing to maintain his vehicle on the right half of the roadway[.]"  We disagree.

As pertinent here, section 575.150 provides:

1.      A person commits the offense of resisting or interfering with arrest, detention, or stop if he or she knows or reasonably should know that a law enforcement officer is making an arrest or attempting to lawfully detain or stop an individual or vehicle, and for the purpose of preventing the officer from effecting the arrest, stop or detention, he or she:

(1)     Resists the arrest, stop or detention of such person by using or threatening the use of violence or physical force or by fleeing from such officer;

. . . .

3.      A person is presumed to be fleeing a vehicle stop if he or she continues to operate a motor vehicle after he or she has seen or should have seen clearly visible emergency lights or has heard or should have heard an audible signal emanating from the law enforcement vehicle pursuing him or her.

Defendant argues that the verdict director submitted to the jury required the State to prove that Defendant knew why law enforcement officers were attempting to stop his vehicle.  While that is true, it does not help Defendant because such knowledge is not an element of the crime Defendant was accused of committing. *State v. McCauley*, 528 S.W.3d 421, 429 (Mo. App. E.D. 2017) ("[A] defendant's knowledge of the basis for his detention is not an element of the offense of resisting a lawful detention").  Instructional error violates a defendant's right to due process if the instruction "relieves the State of its burden to prove the existence of every essential element of the crime[.]"  *State v. Henderson*, 551 S.W.3d 593, 600 (Mo. App. W.D. 2018).  The very opposite of that occurred here.

3

In requiring the jury to find that Defendant knew or reasonably should have known *why* officers were trying to pull him over, the State assumed an unnecessarily *higher* burden, not a lower one. *See McCauley*, 528 S.W.3d at 429. The only knowledge requirement for the crime of resisting a lawful stop "is that [D]efendant knew or reasonably should have known that a law enforcement officer is making an arrest or attempting to lawfully detain him." *Id.* (citing section 575.150.1) (internal citation omitted), and Defendant does not claim that such evidence was lacking here.

Defendant's point is denied, and the judgment of the trial court is affirmed.

DON E. BURRELL, J. – OPINION AUTHOR

JEFFREY W. BATES, P.J. – CONCURS IN SEPARATE OPINION

MARY W. SHEFFIELD, J. – CONCURS



Missouri Court of Appeals

Southern District

Division Two

STATE OF MISSOURI, )
)
    Plaintiff-Respondent, )
)
v. ) No. SD36469
) Filed: December 8, 2020
KURTIS EDWARD AUSTIN, )
)
    Defendant-Appellant. )

APPEAL FROM THE CIRCUIT COURT OF DUNKLIN COUNTY

Honorable Robert N. Mayer

**CONCURRING OPINION**

I concur in the principal opinion. I write separately to caution judges and attorneys not to use MAI-CR 4th 429.61 without first modifying it to accurately follow § 575.150 and the case law applying the statute.[1]

Austin argued on appeal that the State had to prove he "knew or reasonably should have known of the basis for the stop …." This factual finding was included as the fifth paragraph of Instruction No. 5, the verdict-directing instruction submitting the offense of resisting a lawful stop. Instruction No. 5 was patterned after MAI-CR 4th 429.61. The

---

    [1] All references to MAI-CR 4th are to the 2019 edition. All references to § 575.150 are to RSMo (2016).

principal opinion correctly holds that a defendant's knowledge of the basis for the stop is not an element of the offense. *See* § 575.150. The eastern district of this Court reached the same conclusion in **State v. McCauley**, 528 S.W.3d 421, 429 (Mo. App. 2017).[2]

The fifth paragraph of MAI-CR 4th 429.61 requires the jury to find "that defendant (knew) (or) (reasonably should have known) of the basis for the (stop) (detention) …." **Id**. This finding is not required by § 575.150 or the case law applying the statute. When an approved instruction conflicts with a statute, the statute prevails. **State v. Taylor**, 238 S.W.3d 145, 148 (Mo. banc 2007) (holding that MAI-CR 3d 320.01 was not correct because it included a required finding as to venue, which was not an element of the offense in § 566.030 RSMo (2000)). This bedrock principle is explicitly recognized in MAI-CR 4th, which states that "[f]or crimes occurring after January 1, 2017, care also must be taken to insure that no change by statute or court decision has been made that requires that the instruction be modified or not used." MAI-CR 4th, "How to Use This Book" at 31. Therefore, MAI-CR 4th 429.61 should only be given after it is modified to omit the unnecessary fifth paragraph.

JEFFREY W. BATES, C.J./P.J. – CONCURRING OPINION AUTHOR

---

[2] In **McCauley**, the verdict-directing instruction required the jury to find that the defendant knew or should have known of the basis for his detention. **McCauley**, 528 S.W.3d at 429. The eastern district held that "whether or not McCauley knew this fact is of no consequence because it is not a fact the State was required to prove." **Id**.