

# Missouri Court of Appeals
## Southern District

### In Division

STATE OF MISSOURI, )
)
    Plaintiff-Respondent, )
)
v. ) No. SD38326
)
DAVID MARTIN EUGENE HOOD, ) **Filed: December 10, 2024**
)
    Defendant-Appellant. )

APPEAL FROM THE CIRCUIT COURT OF MCDONALD COUNTY

Honorable Kevin L. Selby

### **AFFIRMED**

Following a jury trial, David Martin Eugene Hood ("Defendant") was convicted of one count of statutory rape in the first degree (*see* section 566.032), two counts of sodomy in the first degree (*see* section 566.060), and three counts of incest (*see* section 568.020) (collectively, the "offenses").[1]  Defendant's sole point on appeal claims the circuit court erred in denying Defendant's oral motion to dismiss the case that counsel made after the McDonald County prosecutor finished her opening statement to the jury. Counsel claimed that Defendant was entitled to a dismissal because the prosecutor's

---

[1] Unless otherwise indicated, all statutory references are to RSMo 2016, including, as applicable, statutory changes effective January 1, 2017.

1

opening statement omitted any reference to the "jurisdictional element" that the charged offenses occurred "in McDonald County or even in the [S]tate of Missouri[.]" We disagree (for several reasons) and affirm Defendant's convictions.

**The Governing Law**

The State is required to make an opening statement in every criminal case (*see* Rule 27.02(f)[2] and section 546.070(1)), but "[t]he primary purpose of an opening statement is to inform the judge and jury of the general nature of the case, so they may appreciate the significance of the evidence as it is presented[.]" ***State v. Pennington***, 493 S.W.3d 926, 930 (Mo. App. W.D. 2016) (quoting ***State v. Thompson***, 68 S.W.3d 393, 394 (Mo. banc 2002)).

> While the trial court has the power to enter a judgment of acquittal after the prosecutor's opening statement, that authority should be exercised only if it affirmatively and clearly shows that the State cannot make a submissible case under any view of the evidence, and the State is given an opportunity to embellish its statement in response to defendant's motion.

***State v. Seddens***, 680 S.W.2d 364, 365 (Mo. App. E.D. 1984).

**Procedural Background**[3]

The State's amended information charged that Defendant committed the offenses against all three of his children at Defendant's residence in McDonald County at various times between August, 2018, and December, 2020. After the State finished its opening statement, Defense counsel asked to approach the bench, and the following colloquy took place outside the hearing of the jury:

---

[2] Unless otherwise indicated, all rule references are to Missouri Court Rules (2023).
[3] Because Defendant challenges only the circuit court's denial of his motion to dismiss, we have no need to recite the evidence that supported Defendant's convictions.

2

[Defense counsel]: I may have missed it. Did [the State], at any point was it specified that these occurred in McDonald County? I don't believe they've met jurisdiction on this.

[Prosecutor]: Well, the witnesses will say where it – the address and that it's in McDonald County.

. . . .

[Defense counsel]: [A]t this point I do not believe that the State, in its opening statement, made any reference to these events occurring in McDonald County. I don't think they met jurisdiction over this case or venue. At this point I'd make a motion to dismiss.

[Prosecutor]: Your honor, the opening statement is not evidence in the case, it's just an outline of the testimony and the jurisdiction can be established when evidence is provided through each and every witness who will be able to provide that this address is in McDonald County.

. . . .

[Defense counsel]: [I] believe the requirement is that in opening statement, the State lay out all the facts required to make every element.

[The Court]: You are correct, that's the case law.[4] Do you stand by your request for a dismissal or do you wish to allow the State to present additional opening statement?

[Defense counsel]: I guess at this point I'd stand by my request for a dismissal. I understand the Court may grant them leave to.

[The Court]: Counsel? [addressed to the prosecutor]

[Prosecutor]: Your Honor, I'd ask that I be allowed to make the additional statement that each of these individuals will be able to testify that the home resided in McDonald County and where all of these actions took place.

[The Court]: All right. And, [Defense] Counsel, you have stated an objection. What is the harm to your client if I allow that?

[Defense counsel]: I don't know that there is any harm --

---

[4] The following morning, outside the presence of the jury, the trial judge told the attorneys that he had incorrectly stated that naming the county at issue was a jurisdictional requirement, correctly noting instead that the location of the county is only relevant to a determination of venue.

3

[The Court]:  All right.  Thank you.

[Defense counsel]:  -- from that.

[The Court]:  The State is going to be allowed to make an additional statement establishing jurisdictional – first off, your objection is sustained and appropriate.  Your relief, based upon the State's request, is denied.  I believe your client will actually benefit from proceeding since he's in custody.  And so your record's been made on that.  The Court notes that your objection is well taken, but that the remedy is extreme and, therefore, that remedy request is denied.  The State will be allowed to make that additional statement.

The judge then brought the jury back into the courtroom, and the State supplemented its initial opening statement as follows:

[The Court]:  Counsel for the State, you may proceed.

[Prosecutor]:  Thank you.  I apologize, I failed to clear up a jurisdictional matter.  I additionally need to let you know that the evidence will show from each and every witness that you will hear from, that these acts took place at [a specified address].  It's a Goodman address.  It is, in fact, in McDonald County so we are in the right place for a hearing in this case and you will hear that from each individual witness as well.  Thank you.

Defense counsel then made an opening statement on behalf of Defendant, and the State called its first witness.

**Analysis**

Defendant argued to the circuit court that the prosecutor had not met "jurisdiction over [the] case or venue" because the prosecutor did not state within her opening statement that the offenses occurred in *McDonald County*.  On appeal, Defendant has abandoned his claim in regard to venue, and he has impermissibly expanded his error-claim to assert that the prosecutor's opening statement was insufficient because the

4

prosecutor never recited that the offenses "occurred in McDonald County *or even in the* [S]*tate of Missouri* [(emphasis added).]"[5]

We deny Defendant's point for three reasons. First, the State's brief rightly notes that Defendant never argued to the circuit court that the prosecutor failed to state that the offenses occurred within the *State of Missouri* -- he only claimed that a reference to *McDonald County* was omitted. "To properly preserve an issue for an appeal, a timely objection must be made during trial." **State v. Tisius**, 362 S.W.3d 398, 405 (Mo. banc 2012) (quoting **State v. Cooper**, 336 S.W.3d 212, 214 (Mo. App. E.D. 2011)). The trial objection must be specific, and the same grounds must be relied upon on appeal; "a defendant may not broaden the objection presented to the circuit court." **Id.**; *see also* **State v. Davis**, 348 S.W.3d 768, 770 (Mo. banc 2011) ("An issue that was never presented to or decided by the trial court is not preserved for appellate review") (quoting **Smith v. Shaw**, 159 S.W.3d 830, 835 (Mo. banc 2005)).

Second, our case law expressly allows the circuit court to permit the State to "embellish" and supplement its opening statement if a defendant claims a jurisdictional element is missing, and that is exactly what the trial judge did. Finally, Defense counsel candidly responded to the trial judge's question about how Defendant would be prejudiced by allowing the State to supplement its initial opening statement by stating, "I don't know that there is any harm . . . from that." "We will not reverse a conviction

---

[5] The county in which an alleged criminal act took place is only relevant to venue; it is not a jurisdictional requirement. *See* **State v. Williams**, 455 S.W.3d 1, 6 (Mo. App. S.D. 2013) (quoting **State v. Taylor**, 238 S.W.3d 145, 149 (Mo. banc 2007)) ("[V]enue is not jurisdictional. 'Venue determines, among many courts with jurisdiction, the appropriate forum for the trial'") (internal footnote omitted). Whether the alleged criminal act occurred anywhere within the *State of Missouri* is jurisdictional. *See id.* (quoting **Taylor**, 238 S.W.3d at 149) ("'[J]urisdictional doctrine prevents courts from holding trials when the crime at issue occurred out of state; a state court lacks the authority to enforce criminal law unless the conduct, or some substantial portion of it, occurred within the state.' . . . If jurisdiction is lacking, a court has 'no power to hear a case'").

because of a defective opening statement absent a showing of prejudice to the defendant[,]" *State v. Watson*, 839 S.W.2d 611, 615 (Mo. App. E.D. 1992), and no such prejudice appears here.

For all of the foregoing reasons, Defendant's point fails, and the judgment of the circuit court is affirmed.


DON E. BURRELL, J. – OPINION AUTHOR

JACK A. L. GOODMAN, J. – CONCURS

JENNIFER R. GROWCOCK, C.J. – CONCURS