

# Missouri Court of Appeals

## Southern District

### Division Two

STATE OF MISSOURI,      )
                                  )

    Plaintiff-Respondent,    )
                                  )

v.                                  )     No. SD35662
                                  )     Filed:  June 13, 2019

CLINT EARL ARRINGTON,    )
                                  )

    Defendant-Appellant.    )

### APPEAL FROM THE CIRCUIT COURT OF SCOTT COUNTY

Honorable David A. Dolan, Circuit Judge

**<u>AFFIRMED</u>**

Clint Arrington (Defendant) was convicted of six offenses: kidnapping in the first degree, a class B felony (Count 1); burglary in the first degree, a class B felony (Count 2); felonious restraint, a class C felony (Count 3); unlawful use of a weapon, a class D felony (Count 4); armed criminal action (ACA), an unclassified felony (Count 5); and violation of an order of protection, a class A misdemeanor (Count 6). In this appeal, he challenges only Count 3 – his conviction for felonious restraint. Defendant contends the trial court "plainly erred in failing to *sua sponte* instruct the jury on the class D felony of false imprisonment as to [Count 3], because that offense is a nested lesser-included offense of felonious restraint." We disagree and affirm.

Insofar as relevant here, Defendant was charged with the above six counts for events that occurred in April 2016 involving his former girlfriend, B.P. (Victim). Count 3 alleged that Defendant "knowingly restrained [Victim] unlawfully and without consent so as to interfere substantially with [her] liberty and exposed [Victim] to a substantial risk of serious physical injury."

A jury trial was held in June 2018. At the instruction conference, defense counsel stated that he had no objection to the instructions submitted by the State, including the verdict-directing instruction for Count 3, felonious restraint. Defense counsel did not request any instructions for a lesser-included offense.

The jury found Defendant guilty as charged on all counts. In Defendant's motion for new trial, he did not include an allegation that the trial court erred by not instructing on a lesser-included offense for felonious restraint. Defendant was sentenced to: concurrent terms of 15 years for kidnapping and burglary; consecutive terms of 7, 4, and 3 years for felonious restraint, unlawful use of a weapon, and ACA, respectively; and a term of 6 months for violating an order of protection, to run concurrently with the other five counts. This appeal followed.

Defendant recognizes that his claim of error on appeal is not preserved and requests plain-error review under Rule 30.20.[1] Plain-error relief requires "evident, obvious, and clear" error and a resulting "manifest injustice or miscarriage of justice." *Id*.; *State v. Baumruk*, 280 S.W.3d 600, 607-08 (Mo. banc 2009). "When the unpreserved allegation concerns instructional error, plain error exists when it is clear that the circuit court has so misdirected or failed to instruct the jury that manifest injustice or miscarriage of justice has

---

[1] All rule references are to Missouri Court Rules (2019).

resulted." ***State v. Zetina-Torres***, 482 S.W.3d 801, 810 (Mo. banc 2016). The review of an unpreserved claim for plain error is discretionary. *See* Rule 30.20; ***Collings v. State***, 543 S.W.3d 1, 14 (Mo. banc 2018).

Defendant contends the trial court plainly erred by failing to *sua sponte* instruct the jury on the class D felony of false imprisonment "because that offense is a nested lesser-included offense of felonious restraint," and there was a basis in the evidence to submit it. According to Defendant, "failure to submit the nested lesser-included instruction for false imprisonment was thereby evident, obvious, and clear error resulting in manifest injustice."

The State concedes that "there was a basis in the evidence to require submission of the 'nested' included offense of false imprisonment – had such an instruction been requested. But because there was no request for such an instruction, the trial court did not plainly err in failing to give such an instruction *sua sponte*." We agree.

In ***State v. Clay***, 533 S.W.3d 710 (Mo. banc 2017), our Supreme Court held that, when a party fails to timely request an instruction on a lesser-included offense, the trial court does *not* commit plain error by failing to *sua sponte* instruct the jury on the lesser-included offense. ***Id***. at 717. The Court explained that "the trial court's obligation to instruct the jury on a lesser included offense is conditioned on *a party timely requesting the instruction*." ***Id***. (italics added); *c.f.* ***State v. Smith***, 522 S.W.3d 221, 229 (Mo. banc 2017) (the failure to instruct on a timely requested, lesser-included offense was reversible error). Consequently, "[t]he trial court is not obligated to *sua sponte* instruct the jury on a lesser included offense not requested at trial." ***Clay***, 533 S.W.3d at 717. Further, a defendant may not take advantage of self-invited error or error of his own making. ***Id***.; *see also* ***State v. Leonard***, 490 S.W.3d 730, 744-45 (Mo. App. 2016) (if a defendant does not

specifically request a lesser-included offense instruction, the defendant may not complain about the trial court's failure to give the instruction); *State v. Ise*, 460 S.W.3d 448, 463 (Mo. App. 2015) (instruction on a lesser-included offense is not required to be given if not requested); *State v. Rowe*, 363 S.W.3d 114, 120 (Mo. App. 2012) ("[i]t is well settled that the trial court was not obligated to give such an instruction *sua sponte*").

Defendant acknowledges the holding in *Clay*, but offers two arguments to support the request for plain-error review. We find no merit in either argument.

First, Defendant relies on Rule 28.02(a), which requires the trial court to "instruct the jury in writing upon all questions of law arising in the case that are necessary for their information in giving a verdict." *Id*. Defendant argues that, given the evidence, the trial court was obligated to instruct the jury *sua sponte* on the lesser-included offense of false imprisonment even when not requested to do so. Subsection (f) of Rule 28.02, however, refutes Defendant's argument by specifically providing that the "giving or failure to give an instruction … in violation of this Rule 28.02 … shall constitute error … *provided that objection has been timely made* …." Rule 28.02(f). Here, defense counsel did not object or request an instruction for false imprisonment as a lesser-included offense. Moreover, in *Clay*, our Supreme Court was well aware of the general directive included in Rule 28.02. *See Clay*, 533 S.W.3d at 715-16 (citing Rule 28.02 in resolving a different claim of instructional error earlier in the opinion). Thereafter, the Court clearly held that "[t]he trial court is not obligated to *sua sponte* instruct the jury on a lesser included offense not requested at trial." *Clay*, 533 S.W.3d at 717.

Second, Defendant hypothesizes that his future Rule 29.15 post-conviction-relief motion will allege ineffective assistance of counsel for failing to request an instruction for

false imprisonment. *See, e.g.*, **McNeal v. State (McNeal I)**, 412 S.W.3d 886, 889-90 (Mo. banc 2013). Based on that hypothesis, Defendant argues that "the mere fact that trial counsel failed to request a false imprisonment instruction should not be dispositive of this appeal where it will be dispositive of [his] congruent post-conviction claim." According to Defendant, "this Court should not squander scarce judicial resources by needlessly soliciting a viable claim of ineffective assistance of counsel," and should grant a new trial now by finding that "the trial court's failure to *sua sponte* issue a verdict director for the nested lesser-included offense of false imprisonment was evident, obvious, and clear error under the circumstances."

We find no merit in this argument. In a Rule 29.15 post-conviction motion proceeding, an allegation that trial counsel was ineffective for not requesting an instruction on a lesser-included offense will fail if counsel had a strategic reason for not requesting such an instruction. *See, e.g.*, **McNeal v. State (McNeal II)**, 500 S.W.3d 841, 842-45 (Mo. banc 2016) (after evidentiary hearing, based on reasonable trial strategy, trial counsel not ineffective for failing to request an instruction for the nested lesser-included offense). As the western district of this Court explained:

> Part of the rationale for this rule [requiring an instruction request] is that failing to request a lesser-included offense instruction is often trial strategy; the jury may convict the defendant of the lesser offense if it is submitted, but the jury may not convict the defendant of any crime if the lesser offense is not submitted. A defendant is permitted to adopt a trial strategy and to attempt to persuade the jury of it. When the failure to request a lesser-included instruction is a matter of strategy, the court should not second guess the [defense]. Rather, the defendant may determine whether he will give the jury an 'all or nothing' choice, or request submission of lesser-included offense instructions. Once having made the determination, the defendant may be held to accept the consequences of that decision. … Here, even assuming the evidence would have supported the giving of lesser-included offense instructions, absent any request by Leonard, if the court

had done so, it would have risked interfering with Leonard's chosen defense strategy, thereby injecting error into the trial.

*Leonard*, 490 S.W.3d at 744-45 (quotation marks and citations omitted). At a post-conviction hearing, the parties will be able to present evidence about why a lesser-included offense instruction on false imprisonment was not requested by defense counsel. The motion court, which has the duty and ability to assess the credibility of such evidence and make factual findings on that issue, will decide whether or not to grant relief.

Because defense counsel did not request an instruction on the lesser-included offense of false imprisonment, the trial court did not plainly err by failing to give such an instruction *sua sponte*. *Clay*, 533 S.W.3d at 717. A trial court's obligation to submit a lesser-included offense instruction arises only when there has been a timely request for such an instruction. *Id*. Point denied.

The judgment of the trial court is affirmed.

JEFFREY W. BATES, J. – OPINION AUTHOR

WILLIAM W. FRANCIS, JR., P.J. – CONCUR

DANIEL E. SCOTT, J. – CONCUR