

# Missouri Court of Appeals

### Southern District

### Division Two

| | |
|---|---|
| STATE OF MISSOURI, | ) |
| | ) |
|     Plaintiff-Respondent, | ) |
| | ) |
| v. | )   No. SD35151 |
| | )   Filed: January 31, 2019 |
| DAVID JAMES MILCENDEAU, | ) |
| | ) |
|     Defendant-Appellant. | ) |

### APPEAL FROM THE CIRCUIT COURT OF PHELPS COUNTY

Honorable John D. Beger, Circuit Judge

### **AFFIRMED**

After a jury trial, David Milcendeau (Defendant) was found guilty of the class B felony of child molestation in the first degree and the unclassified felony of statutory sodomy in the first degree. *See* § 566.067; § 566.062.[1]

### Factual and Procedural Background

Defendant's appeal presents two plain error points relating to a venue issue. *See* Rule 30.20. Therefore, our summary of the events in this case will be limited to the facts relevant to those two points.

---

[1] All statutory references are to RSMo Cum. Supp. (2013) unless otherwise indicated. All rule references are to Missouri Court Rules (2018).

The two charges against Defendant were specified in a May 2016 grand jury indictment filed in the Circuit Court of Pulaski County, Missouri. The indictment alleged that the two offenses were committed against H.B. (Victim), a child less than 14 years of age, in Pulaski County. In June 2016, Defendant filed an application for change of venue pursuant to Rule 32.03. The case was transferred to Phelps County.

A pretrial conference was held on May 25, 2017. The issue of venue was not brought up by defense counsel. Trial commenced on May 30, 2017. At the close of the State's case, defense counsel first raised the venue issue in Defendant's motion for judgment of acquittal. Counsel requested dismissal of the sodomy charge because the State had failed to prove the crime took place in Pulaski County. The trial court denied the motion. Defense counsel renewed that request in Defendant's motion for judgment of acquittal at the close of all of the evidence, which the trial court also denied. Instruction No. 10, which was the verdict-directing instruction for the sodomy charge, hypothesized in relevant part that the conduct constituting the offense occurred "in the County of Pulaski, State of Missouri[.]"[2] During the initial portion of the State's closing argument, the prosecutor stated:

> I have to show you that it happened in Pulaski County. We know it happened at a river. We know it happened close to where [Defendant] lived, which was in Pulaski County. And it's safe to assume that right there, there's no county line that it happened in Pulaski County.

---

[2] This followed the format for submitting statutory sodomy in the first degree in Paragraph First of MAI-CR 3d 320.11 (2016 ed.). It did not follow the format for submitting statutory sodomy in the first degree in Paragraph First of MAI-CR 4th 420.16 (2017 ed.), which omitted any reference to the city or county where the offense was committed. The latter instruction should have been used in Defendant's trial because it occurred after January 1, 2017. *See* MAI-CR 4th (2017 ed.), "Effective Dates" at 27.

2

There was no objection to this comment, and defense counsel did not address this issue during Defendant's closing argument. The jury found Defendant guilty of both charged offenses.

In Defendant's motion for new trial, he argued that the trial court erred by denying Defendant's motions for judgment of acquittal. Defendant argued that the court lacked jurisdiction over the sodomy charge because the State failed to prove the crime occurred in Pulaski County. At the hearing on the new trial motion, defense counsel argued that the State's alleged failure to prove the location of the sodomy offense was a jurisdictional issue. In response, the prosecutor argued that this aspect of Defendant's new trial motion presented a venue issue, which was waived when Defendant received a change of venue. The trial court denied the motion for new trial.

**Discussion and Decision**

Defendant's points request plain error review of the State's alleged failure to prove venue and of an improper comment about the venue issue during the State's closing argument. Rule 30.20 states, in pertinent part, that "plain errors affecting substantial rights may be considered in the discretion of the court when the court finds that manifest injustice or miscarriage of justice has resulted therefrom." *Id*. Plain error review is discretionary. *State v. Clay*, 533 S.W.3d 710, 714 (Mo. banc 2017). An appellate court will not engage in plain error review unless the claimed error facially establishes substantial grounds for believing that a manifest injustice or a miscarriage of justice has resulted. *Id*.

"A claim of plain error places a much greater burden on a defendant than an assertion of prejudicial error." *State v. Wright*, 216 S.W.3d 196, 199 (Mo. App. 2007). Plain error and prejudicial error are not synonymous terms, and mere allegations of error

3

and prejudice will not suffice. *Id*. "Plain error must be evident, obvious, and clear." ***State v. Walter***, 479 S.W.3d 118, 131 (Mo. banc 2016). "Plain error can serve as the basis for granting relief on direct appeal only if the error was outcome determinative." ***State v. Placke***, 290 S.W.3d 145, 153 (Mo. App. 2009).

*Point 1*

In Defendant's first point, he contends the trial court plainly erred by failing to require evidence sufficient to establish venue in Pulaski County for the sodomy charge prior to trial, in that no witness testified the offense occurred in that county. Defendant concedes he made no pretrial objection to venue. Nevertheless, he argues that the absence of proof of venue at trial constituted plain error, based on art. I, § 18(a) of the Missouri Constitution; §§ 476.410 and 56.060.1.[3] He requests a remand for a determination of venue. We conclude that Point 1 lacks merit for two reasons: (1) Defendant invited the error by failing to assert his venue challenge before the trial commenced; and (2) Defendant waived the error both by proceeding to trial without objection and by requesting a change of venue to Phelps County.

First, Defendant invited any error. In ***State v. Taylor***, 238 S.W.3d 145 (Mo. banc 2007), the defendant did not object to venue until after the trial started. Defense counsel raised the issue in a motion to dismiss for improper venue, filed on the first day of trial, and in a motion for judgment of acquittal filed at the close of the State's evidence. *Id*. at 147. Our Supreme Court explained that it was error to submit the issue of venue in a jury instruction because it was not an element of the offense. *Id*. at 148. "If a criminal defendant believes venue is incorrect, the defendant must object. If the defendant does not

---

[3] All references to § 476.410 are to RSMo (2000).

4

object, the case can be tried even though venue would otherwise be incorrect. Incorrect venue does not affect a trial court's power to render judgment." *Id*. at 149.[4] The Court then described how to correctly challenge venue in a criminal case:

> A defendant's objection to venue must be made before trial. If the defendant challenges the correctness of venue, the trial court must determine the issue. The prosecution … must then prove by a preponderance of the evidence that the crime occurred in the county where the case is filed. Since the objection to venue is a pretrial matter, and venue is not an element of the offense, the judge will determine the facts as to venue. If, after the defendant objects to venue, the state fails to prove that venue is correct, the trial court should transfer the case to a county where venue is proper, as required by section 476.410. … Under this analysis, there was error because the issue of proper venue was not ruled upon until trial. *This error, however, was invited because Taylor did not object to venue before trial*.

*Taylor*, 238 S.W.3d at 150-51 (emphasis added; footnote omitted). In the case at bar, Defendant did not raise the venue issue until after the trial had started. Therefore, Defendant invited any venue error. We decline to exercise our discretionary authority to review for plain error. "While plain error review is discretionary, an appellate court should not use it to impose a *sua sponte* duty upon a trial court to correct mistakes of a defendant's own making." *State v. Shockley*, 410 S.W.3d 179, 201 (Mo. banc 2013).

Second, Defendant waived the venue issue. There is a long line of Missouri authority holding that a defendant who proceeds to trial without challenging venue waives that alleged error. *See, e.g.*, *State v. Gaines*, 316 S.W.3d 440, 454 (Mo. App. 2010)

---

[4] This principle is supported by the plain language of § 545.030.1, which states, in relevant part, that "[n]o indictment or information shall be deemed invalid, nor shall the trial, judgment or other proceedings thereon be stayed, arrested or in any manner affected … (8) For want of a proper or perfect venue; nor (9) For want of any venue at all[.]" § 545.030.1(8)-(9) RSMo (2000); *see State v. Leigh*, 423 S.W.2d 690, 692 (Mo. 1968); *State v. Barnes*, 980 S.W.2d 314, 321 (Mo. App. 1998).

(defendant waived objection by failing to challenge venue before trial); *State v. Cable*, 207 S.W.3d 653, 658 (Mo. App. 2006) (defendant waived complaint that venue was improper by proceeding to trial); *State v. Morrison*, 869 S.W.2d 813, 814-15 (Mo. App. 1994) (the defendant's venue objection in his motions for judgment of acquittal at the close of the State's case and at the close of all of the evidence were insufficient and came too late); *State v. Vincent*, 582 S.W.2d 723, 725 (Mo. App. 1979) (having gone to trial with no challenge to venue, defendant waived his right to object).

Defendant also waived the venue issue by requesting a change of venue to Phelps County. Defendant's reliance on Mo. CONST. art. I, § 18(a) and § 476.410 is misplaced.[5] The venue provision in this subsection of the Missouri Constitution confers a personal privilege that can be waived. *See, e.g.*, *State v. Wood*, 596 S.W.2d 394, 401 (Mo. banc 1980); *State v. Leigh*, 423 S.W.2d 690, 692 (Mo. 1968); *Skaggs v. State*, 754 S.W.2d 10, 11 (Mo. App. 1988). A waiver occurs when a defendant proceeds to trial without raising this venue objection. *See Wood*, 596 S.W.2d at 401. This waived venue objection is not reviewable as plain error. *Leigh*, 423 S.W.2d at 692. A waiver also occurs when a defendant moves for a change of venue pursuant to Rules 32.03 and 32.04, as Defendant did here. *See Taylor*, 238 S.W.3d at 149; *State v. Williams*, 455 S.W.3d 1, 6 (Mo. App. 2013); *State v. Rowe*, 363 S.W.3d 114, 117-18 (Mo. App. 2012). Likewise, a right to request a transfer pursuant to § 476.410 can be waived by failing to challenge venue before

---

[5] In relevant part, this constitutional provision gives a defendant the right to "a speedy public trial by an impartial jury of the county." Mo. CONST. art. I, § 18(a). The statute states that "[t]he division of a circuit court in which a case is filed laying venue in the wrong division or wrong circuit shall transfer the case to any division or circuit in which it could have been brought." § 476.410.

6

the trial commences.  *See Taylor*, 238 S.W.3d at 150; *Hall v. Podleski*, 355 S.W.3d 570, 577 n.10 (Mo. App. 2011).

Defendant's last argument is based upon § 56.060.  In pertinent part, this statute states:

> Each prosecuting attorney shall commence and prosecute all civil and criminal actions in the prosecuting attorney's county in which the county or state is concerned, defend all suits against the state or county, and prosecute forfeited recognizances and actions for the recovery of debts, fines, penalties and forfeitures accruing to the state or county.  In all cases, civil and criminal, in which changes of venue are granted, the prosecuting attorney shall follow and prosecute or defend, as the case may be, all the causes, for which, in addition to the fees now allowed by law, the prosecuting attorney shall receive his or her actual expenses.

§ 56.060.1.  According to Defendant, the failure to prove venue at trial means that the information filed by the Pulaski County prosecutor was void.  Defendant cites no authority to support that proposition, and we have discovered none in our independent research. Defendant's argument is refuted by § 545.030.1(8)-(9) RSMo (2000), which states that "[n]o indictment … shall be deemed invalid … (8) For want of a proper or perfect venue; nor (9) For want of any venue at all[.]"  *Id*.  A similar argument, based on § 56.060, was rejected in *Campbell v. Dir. of Revenue*, 297 S.W.3d 656, 659 (Mo. App. 2009), and *State v. Jackson*, 942 S.W.2d 942, 944 (Mo. App. 1997).  For all of the foregoing reasons, Defendant has failed to establish facially substantial grounds for believing that a manifest injustice or miscarriage of justice has occurred.  Therefore, we decline to exercise our discretionary authority to review for plain error.  Point 1 is denied.

*Point 2*

In Defendant's second point, he contends the trial court plainly erred by allowing the prosecutor to argue that there was no county line near Defendant's home.  Defendant

argues that the trial court's failure to act *sua sponte* to intervene in the prosecutor's argument meant the State was not required to prove all required facts.

"A conviction will be reversed based on plain error in closing argument only when it is established that the argument had a *decisive effect* on the outcome of the trial and amounts to manifest injustice." **State v. Edwards**, 116 S.W.3d 511, 536-37 (Mo. banc 2003) (emphasis added); **Walter**, 479 S.W.3d at 124. Such an effect is demonstrated where there is a reasonable probability the verdict would have been different in the absence of the argument. **State v. Chism**, 252 S.W.3d 178, 186 (Mo. App. 2008). "In reviewing closing arguments, this Court examines the context of the argument made in light of the entire record." **Walter**, 479 S.W.3d at 124. Our review of the record demonstrates no basis to believe a plain error occurred here.

As noted in Point 1, Defendant waived the venue issue by proceeding to trial without objection and by obtaining a change of venue. We are hard-pressed to discern how an argument about a waived issue had a decisive defect on the jury's verdict. Furthermore, the issue of venue should not have been submitted to the jury to decide. *See* **State v. Roggenbuck**, 387 S.W.3d 376, 382 (Mo. banc 2012) ("The jury is not required to find facts that are not elements of the offense, such as the location of the crime for venue purposes."); MAI-CR 4th 420.16 (only requiring in Paragraph First that the jury find the crime of statutory sodomy occurred within Missouri); **Taylor**, 238 S.W.3d at 150 (if a defendant objects, the judge will determine the facts as to venue). By not raising the issue before trial, Defendant invited that error. *See* **Taylor**, 238 S.W.3d at 150. In **Taylor**, defense counsel failed to raise the venue issue before trial commenced. **Id**. at 147. During closing argument, the trial judge prohibited defense counsel from arguing that the State failed to

8

prove venue as required by the verdict-directing instruction. *Id*. at 147-48. Our Supreme Court decided that the defendant suffered no prejudice from that procedure:

> Because the trial court used MAI-CR 320.01 as the jury instruction in this case, the jury's verdict of guilty reflects its decision, beyond a reasonable doubt, that the rape occurred in the city of St. Louis. The jury's determination that the state had met this higher burden of proof indicates that the failure to address venue in a pretrial proceeding was not prejudicial.

*Id*. at 151. We reach the same conclusion here.

By including venue information in Instruction No. 10, the verdict-directing instruction for the sodomy count, the State assumed an unnecessary burden. The prosecutor's argument addressing the venue issue drew neither an objection nor a response during Defendant's closing argument. Our review of the record does not persuade us that the prosecutor's brief comment had a decisive effect on the jury's decision. Instead, as in *Taylor*, Defendant suffered no prejudice because the jury found in the State's favor on the venue issue. Point 2 is denied.

The judgment of the trial court is affirmed.


JEFFREY W. BATES, J. – OPINION AUTHOR

WILLIAM W. FRANCIS, JR., P.J. – CONCUR

MARY W. SHEFFIELD, J. – CONCUR