

# In the Missouri Court of Appeals
# Eastern District

<u>DIVISION FIVE</u>

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | No. ED109602 |
| | ) | |
| Respondent, | ) | Appeal from the Circuit Court |
| | ) | of St. Louis County |
| v. | ) | Cause No. 18SL-CR08413-01 |
| | ) | |
| KEITH STEWART, | ) | Honorable Mary Elizabeth Ott |
| | ) | |
| Appellant. | ) | Filed: February 22, 2022 |

## Introduction

Following a bench trial in the St. Louis County Circuit Court, Keith Stewart was convicted of one count of child molestation in the second degree. He appeals the circuit court's judgment, arguing the evidence was insufficient for any rational factfinder to find beyond a reasonable doubt that Stewart committed the crime within the venue of St. Louis County. We affirm.

## Facts and Procedural Background

Keith Stewart was charged in Count I of an indictment with child molestation in the second degree, a class A misdemeanor, in violation of Section 566.068.[1] Specifically, Count I charged that Stewart subjected his daughter, victim K.S., who was then less than seventeen years of age, to sexual contact between January 1, 2015 and June 30, 2015, in St. Louis County. The indictment

---

[1] All Section references are to the Revised Statutes of Missouri (2000), unless otherwise indicated.

also charged Stewart with two counts of sodomy in the second degree in violation of Section 566.061 ("Count II" and "Count III"), and one count of incest in violation of Section 568.020 ("Count IV"), all for separate sexual acts against his other daughter, A.S., in St. Louis County during the same time period.

There is no indication in the record that Stewart objected to venue before trial. After the bench trial began, Stewart's trial counsel broached the issue of the location of the charged crimes. At the end of her opening statement, trial counsel noted that the State talked about three different addresses in its opening statement. Stewart's trial counsel asserted that the Mayfield Court address was the "only address with jurisdiction in St. Louis County." She alleged that A.S. and victim K.S. had made differing statements about when and where certain incidents happened. Stewart's trial counsel concluded only "I will be making a note of that," and predicted she would ask the circuit court to find Stewart not guilty at the end of the trial.

Viewed in the light most favorable to the verdict on Count I, *see State v. Street*, 633 S.W.3d 468, 470 (Mo. App. E.D. 2021), the evidence at trial established that Stewart lived with his then-wife, Marcia Contejean, daughters A.S. and victim K.S., and two younger children at 8915 Mayfield Court in St. Louis County, Missouri, until 2012. In 2012, the family moved to a house on Catlin Drive in Jefferson County, Missouri. A.S. and victim K.S. testified that Stewart began committing sexual acts against them during their time at the house on Catlin Drive. In January 2015, Stewart, A.S., victim K.S., and the two younger children moved back to the house on Mayfield Court in St. Louis County, where they lived until June 2015. Contejean remained in Jefferson County, as she and Stewart were in the process of divorcing. A.S. testified that Stewart continued to commit sexual acts against her at the Mayfield Court address.

Victim K.S. testified that she was fifteen when she moved back to the Mayfield Court address in January 2015. Victim K.S. further testified that, while they lived on Mayfield Court in 2015, Stewart made victim K.S. go into his room and lay on her stomach with her butt in the air after a shower. Victim K.S. had a Spandex garment on, but Stewart rubbed her buttocks and genital area through the Spandex. Victim K.S. felt uncomfortable and scared during this incident, and Stewart told her to stop crying.

In July 2015, Stewart and all four children moved to East St. Louis, Illinois. A.S. and victim K.S. testified that Stewart continued to commit sexual acts against them at the East St. Louis house. A.S. moved in with Contejean in May 2017 in response to another sexual act committed by Stewart against her. In December 2017, A.S. told Contejean about Stewart's acts. In response, Contejean picked up all four children and went to the East St. Louis Police Department to file a police report. A.S. and victim K.S. obtained orders of protection against Stewart in St. Louis County.

At the close of the State's evidence, Stewart's trial counsel moved for judgment of acquittal. Trial counsel argued that cross-examination of victim K.S. regarding a pre-trial interview cast doubt on whether the conduct alleged in Count I occurred in St. Louis County as charged, or at the Jefferson County residence. The State responded that the testimony of the "very credible" State's witnesses established the location of the offense beyond a reasonable doubt. The circuit court denied the motion. After the bench trial, the circuit court found Stewart guilty on Count I, and not guilty on Counts II, III, and IV. The circuit court sentenced Stewart to one year in jail on Count I and entered judgment. This appeal follows.

## Standard of Review

On appeal, Stewart purports to challenge the sufficiency of the evidence at trial to prove beyond a reasonable doubt venue for Count I in St. Louis County. When a challenge to the

3

sufficiency of the evidence properly is preserved and presented for appellate review, we determine whether there was sufficient evidence from which the factfinder reasonably could have found the defendant guilty beyond a reasonable doubt on each element of the crime charged. *Street*, 633 S.W.3d at 470; *State v. Holmes*, 626 S.W.3d 339, 341 (Mo. App. E.D. 2021). All evidence and inferences are reviewed in the light most favorable to the verdict, and all contrary evidence and inferences are ignored. *Street*, 633 S.W.3d at 470; *Holmes*, 626 S.W.3d at 341-42. We will not reweigh evidence on appeal or make credibility determinations. *State v. Mack*, 624 S.W.3d 436, 455 (Mo. App. E.D. 2021).

That said, the venue or location in which Stewart committed the crime of child molestation in the second degree is not an element of that crime, was not required to be proved by the State at trial, and, therefore, is not reviewable for sufficiency of the evidence on appeal. Further, before trial, Stewart did not object to venue. When a defendant proceeds to trial without challenging venue, he waives any alleged error. *State v. Milcendeau*, 571 S.W.3d 178, 182 (Mo. App. S.D. 2019) (listing cases). When venue is waived, it is unreviewable on appeal. *Id.*

## Discussion

Stewart points out that his conviction can stand only "upon evidence that is sufficient fairly to support a conclusion that every element of the crime has been established beyond a reasonable doubt." *State v. Lawson*, 232 S.W.3d 702, 704 (Mo. App. W.D. 2007) (quoting *Jackson v. Virginia*, 443 U.S. 307, 313-14 (1979)). Stewart argues the evidence at trial was insufficient to prove beyond a reasonable doubt that St. Louis County was the location in which Stewart committed the crime of child molestation in the second degree.

At the time of the charged conduct, Section 566.068.1 defined child molestation in the second degree as "subject[ing] another person who is less than seventeen years of age to sexual

4

contact."[2] Nowhere in the statute is the location of the crime listed as an element, and Stewart concedes in his appellate brief that venue is not an element of the charged offense. Simply put, the State was not required to prove the location of the crime beyond a reasonable doubt at trial. *See State v. Taylor*, 238 S.W.3d 145, 148 (Mo. banc 2007) (concluding location of crime was not element of rape statute; thus, State need not prove beyond reasonable doubt location where crime occurred). Accordingly, Stewart's challenge to the sufficiency of the evidence to prove the location of the offense at trial must fail.

Still, Stewart appears to invoke his rights to due process and to a public trial in the county in which the charged offense was committed, pursuant to the Missouri Constitution, article I, sections 10 and 18(a).[3] The Supreme Court of Missouri has recognized that, even when venue is not an element of the offense charged, correct venue remains an important procedural right of a criminal defendant under the Missouri Constitution. *Taylor*, 238 S.W.3d at 149. To avail himself of that right, a defendant who disputes venue in the county in which the prosecution is brought must object before trial to allow the circuit court the opportunity to transfer the case to a correct venue. *Id.* at 149-50; *Milcendeau*, 571 S.W.3d at 182.

If the defendant fails to object before trial, the case may proceed to trial even if venue is otherwise incorrect, and incorrect venue does not affect a trial court's jurisdiction or authority to render judgment. *Taylor*, 238 S.W.3d at 149; *State v. Gaines*, 316 S.W.3d 440, 454 (Mo. App. W.D. 2010). When the defendant fails to object before trial, the State is not required to prove venue, and venue is waived. *Milcendeau*, 571 S.W.3d at 182; *Gaines*, 316 S.W.3d at 454.

---

[2] Section 566.068 was amended as of January 1, 2017, after Stewart's charged conduct in 2015. The amendments would not influence the outcome here.

[3] Stewart's appellate brief does not develop the argument or cite the controlling cases. Worse, the St. Louis County Prosecutor's Office failed to file a brief on behalf of the State. While precedent dictates that there is no penalty prescribed for a respondent's failure to file a brief, that failure deprives this Court of the benefits of the adversarial process. *Shomaker v. Director of Revenue*, 504 S.W.3d 84, 87 (Mo. App. E.D. 2016).

If, on the other hand, the defendant objects before trial, the State must prove by a preponderance of the evidence to the court at a pre-trial hearing that the crime occurred in the county where the case is filed. *Taylor*, 238 S.W.3d at 150. If the State fails to so prove, the court will transfer the case to a correct venue pursuant to Section 476.410, RSMo. (2016). *Taylor*, 238 S.W.3d at 150.

It is uncontroverted that Stewart did not object to venue before trial. Although Stewart's trial counsel obliquely noted some controversy regarding the location of the offense in opening statement, this was after trial began and was not an objection to venue. To the extent Stewart can be said to have objected to venue in his motion for judgment of acquittal at the close of the State's evidence, that motion came far too late to preserve the issue for appeal. By failing to object to venue before trial, Stewart waived the objection. *Milcendeau*, 571 S.W.3d at 182 (stating "[t]here is a long line of Missouri authority holding that a defendant who proceeds to trial without challenging venue waives that alleged error," and listing cases); *Gaines*, 316 S.W.3d at 454 ("Because Gaines failed to challenge venue prior to trial, his objection is waived and is not preserved for our review.").

Even if Stewart had preserved the venue issue for our review (he did not), and even if he were correct that the location of the offense must be proved beyond a reasonable doubt at trial (he is incorrect), the evidence at trial was sufficient to prove that Stewart committed child molestation in the second degree in the first half of 2015 in St. Louis County.

Stewart asserts that the only evidence that he committed the crime in St. Louis County was the uncorroborated testimony of victim K.S. To the contrary, A.S. and victim K.S. testified that Stewart began committing sexual acts against them when they lived on Catlin Drive in Jefferson County between 2012 and 2015. A.S. and victim K.S. separately confirmed that Stewart, A.S., and

victim K.S. moved to the Mayfield Court address in St. Louis County in January 2015. A.S., victim K.S., and Marcia Contejean each testified that Stewart, A.S., and victim K.S. moved to St. Louis County while Stewart and Contejean were in the process of divorcing. Stewart, A.S., and victim K.S. remained in St. Louis County until June 2015, and then they moved to East St. Louis, Illinois. Both A.S. and victim K.S. recounted additional sexual acts that Stewart continued to perpetrate against them at the Mayfield Court residence and in East St. Louis. For good measure, a St. Louis County police sergeant corroborated that the Mayfield Court residence is located in St. Louis County.

Despite this corroborating testimony, Stewart insists the evidence is insufficient because victim K.S.'s credibility was impeached on cross-examination with a prior statement that the offense charged in Count I occurred at the Catlin Drive address in Jefferson County in March 2015. Suffice it to say the record does not support Stewart's characterization of the evidence. In any event, we do not reweigh evidence or make credibility determinations on appeal. *Mack*, 624 S.W.3d at 455. Rather, we give great deference to the factual findings of the circuit court, which may have chosen to believe all, some, or none of a witness's testimony. *State v. Young*, 582 S.W.3d 84, 95 (Mo. App. E.D. 2019).[4]

In sum, venue is not an element of child molestation in the second degree, and the State was not required to prove the location of the offense at trial. Further, Stewart failed to object to venue before trial and therefore waived the issue for appeal. Regardless, the evidence was sufficient for the circuit court reasonably to have found that Keith Stewart committed child molestation in the second degree in St. Louis County.

---

[4] We find similarly unpersuasive Stewart's suggestion that the circuit court's acquittal of Stewart on Counts II, III, and IV somehow diminishes the evidence supporting Count I. If anything, the circuit court's split verdict demonstrates its scrutiny of the evidence.

## Conclusion

For the foregoing reasons, the judgment of the circuit court is affirmed.

_____
Cristian M. Stevens, J.

Sherri B. Sullivan, C.J., and
Colleen Dolan, J. concur.