

# Missouri Court of Appeals

### Southern District

### In Division

DAVID JAMES MILCENDEAU, )
)
    Appellant, )   No. SD37479
)
v. )   **Filed: July 21, 2023**
)
STATE OF MISSOURI, )
)
    Respondent. )

### APPEAL FROM THE CIRCUIT COURT OF PHELPS COUNTY

### Honorable John D. Beger, Judge

### **AFFIRMED**

David James Milcendeau appeals the motion court's denial of his Rule 29.15 motion for post-conviction relief, following an evidentiary hearing.[1] In his sole point, Milcendeau claims the motion court erred in denying his motion because his trial counsel[2] was ineffective in failing to request a not-in-MAI[3] instruction during the penalty phase of his trial, which would have instructed the jury to only consider

---

[1] All rule references are to Missouri Court Rules (2019). All statutory citations are to RSMo (2016) unless otherwise indicated.

[2] Trial counsel collectively refers to both of Milcendeau's trial counsels because Milcendeau does not attribute his ineffective assistance claims to any particular individual for purposes of this appeal.

[3] MAI or MAI-CR refers to Missouri Approved Instructions (Criminal).

evidence of prior criminal conduct if the prior criminal conduct was established by a

preponderance of the evidence. Finding no merit in Milcendeau's claim, we affirm.

## Background

A jury found Milcendeau guilty of sodomy in the first degree and child

molestation in the first degree, for acts of sexual conduct committed against his

girlfriend's nine-year-old granddaughter ("Victim").[4]

During the penalty phase, before the introduction of evidence, the trial court

instructed the jury as follows:

> Instruction No. 14: . . . You have found the Defendant guilty of child molestation in the first degree and statutory sodomy in the first degree. At this stage of the trial it will be your duty to determine within the limits prescribed by law the punishment that must be imposed for those offenses.
> On Count I the punishment prescribed by law for child molestation in the first degree is imprisonment for a term of years fixed by you, but not less than 5 years and not to exceed 15 years.
> On Count II the punishment prescribed by law for statutory sodomy in the first degree is life imprisonment, imprisonment for a term of years fixed by you, but not less than 5 years and not to exceed 30 years.
>
> Instruction No. 15: At this stage of the trial we will proceed as follows: First, the attorneys will have an opportunity to make a statement outlining any additional evidence to be presented. Such evidence may then be introduced.
> After that the [c]ourt will you [sic] provide you with additional instructions, then the attorneys may make their arguments. You will then go to the jury room, deliberate and arrive at your verdict.

The State then called Milcendeau's former stepdaughter ("Stepdaughter 1"), who

testified Milcendeau raped her "on a daily basis" between the ages of seven and 12 years

old. Milcendeau had been prosecuted for rape as a result of Stepdaughter 1's allegations

but was acquitted. Stepdaughter 1's mother, Ex-wife 1, testified about the impact

---

[4] *See* §§ 566.062 and 566.067 RSMo Cum. Supp. (2013).

Milcendeau's alleged acts had on Stepdaughter 1 and that Milcendeau lost his ability to be a police officer after she and Stepdaughter 1 testified in front of a state board when Milcendeau reapplied for his peace officer license.

Another ex-wife of Milcendeau ("Ex-wife 2") testified she had concerns about Milcendeau's relationship with her then 12-year-old daughter ("Stepdaughter 2") and described an incident where Milcendeau fell asleep on the floor in his underwear with Stepdaughter 2 and several other young girls during a sleepover. Ex-wife 2 admitted at the hearing that Stepdaughter 2 never said Milcendeau touched her or had sex with her.[5] Stepdaughter 2 did not testify at the hearing.

The jury also heard testimony from Victim's mother about the impact Milcendeau's acts had on Victim. The trial court then provided the following additional instructions:

> Instruction No. 16: The law applicable to this stage of the trial is stated in these instructions and Instructions No. 1 and 2 that the [c]ourt read to you in the first stage of the trial.
> In assessing and declaring the Defendant's punishment, you should consider the evidence presented to you in this case, the argument of counsel and the instructions of the [c]ourt.
> You may consider the evidence presented in either stage of the trial. You will be provided with forms of verdict for your convenience.
> You cannot return any verdict as the verdict of the jury unless all 12 jurors agree to it, but it should be signed by the foreperson alone.
> When you have concluded your deliberations, you will complete the applicable forms to which you unanimously agree and return them together with all unused forms and the written instructions of the [c]ourt.
>
> Instruction No. 17: The attorneys will now have the opportunity of arguing the case to you regarding punishment to be imposed. Their arguments are not evidence.
> You will bear in mind that it is your duty to be governed in your deliberations by the evidence as you remember it, the reasonable

---

[5] According to Ex-wife 2, Milcendeau also kept Stepdaughter 2 out of school one day and took her on a trip to Springfield, which Ex-wife 2 found suspicious. After an argument, Stepdaughter 2 commented to Ex-wife 2 that Ex-wife 2 was jealous "cuz [Milcendeau] loves me more than he does you."

inferences that you believe should be drawn therefrom and the law as given to you in these instructions.

It is your duty and yours alone to render such verdict under the law and the evidence concerning the punishment to be imposed as in your reason and conscience is true and just.

The State's attorney must open the argument. The Defendant's attorney may then argue the case. The State's attorney may then reply. No further argument is permitted by either side.

In its argument, the State mentioned Stepdaughter 1's testimony and stated "if you don't punish [Milcendeau] severely enough [he] is gonna have a chance to do it again. And we're gonna have another [Stepdaughter 1] coming into our office, we're gonna have another [Victim] coming into our office saying [Milcendeau] did this to me." In response, Milcendeau's trial counsel argued a previous jury had already determined Stepdaughter 1's allegations were not believable by acquitting Milcendeau of the alleged crime and that, with respect to the allegations involving Stepdaughter 2, Ex-wife 2 "doesn't know if [Milcendeau] ever did anything" to Stepdaughter 2.

Following argument, the trial court provided Instructions 14 through 17 ("the MAI instructions") to the jury to use in its deliberations. After deliberating, the jury returned verdicts assessing the maximum allowable punishment for each offense, recommending 15 years' imprisonment for the offense of child molestation in the first degree, and life imprisonment for the offense of statutory sodomy in the first degree. The trial court followed the jury's recommendations and ran the two sentences consecutively to each other, for a total punishment of life imprisonment plus 15 years' imprisonment.

Milcendeau appealed his convictions to this Court, which affirmed his convictions. *See* **State v Milcendeau**, 571 S.W.3d 178 (Mo. App. S.D. 2019). He then

4

timely filed *pro se* and amended motions for post-conviction relief.[6]  Milcendeau's amended motion alleged trial counsel was ineffective in failing to request a not-in-MAI instruction during the penalty phase advising the jury that, in order to consider evidence of prior criminal acts during the penalty phase, it must find the State proved the acts occurred by a preponderance of the evidence.

During the evidentiary hearing, Milcendeau's trial counsel, Brian Woolley and Brandon Swartz, testified.  Woolley did not remember why he did not request this not-in-MAI instruction.  Woolley believed the instructions given to the jury sufficiently addressed the issue.

Swartz testified he was mainly responsible for examining the witnesses who testified during the penalty phase.  He prepared all of the instructions for trial, but he and Woolley never discussed requesting a not-in-MAI jury instruction advising the jury that it must find the allegations occurred by a preponderance of the evidence before they could consider the allegations as a factor in sentencing.  Swartz was not aware of any MAI instruction which stated such a requirement and he and Woolley did not consider submitting a not-in-MAI approved instruction.

After the evidentiary hearing, the motion court issued its findings of fact, conclusions of law, and judgment denying Milcendeau's claims, finding there was no ineffective assistance of counsel.  Milcendeau appeals from that judgment.

---

[6] We have independently verified the timeliness of Milcendeau's motions for post-conviction relief. *See **Moore v. State**, 458 S.W.3d 822, 825-26 (Mo. banc 2015); **Dorris v. State**, 360 S.W.3d 260, 268 (Mo. banc 2012).

## Standard of Review

> This Court reviews a motion court's judgment denying postconviction relief to determine whether its findings and conclusions are clearly erroneous. Rule 29.15(k); *Mallow v. State*, 439 S.W.3d 764, 768 (Mo. banc 2014). A judgment is clearly erroneous only if this Court is "left with a definite and firm impression that a mistake has been made." *Id.* The movant has the burden of proving all allegations by a preponderance of the evidence. *Id.*

***Meiners v. State***, 540 S.W.3d 832, 836 (Mo. banc 2018).

## Analysis

To prove ineffective assistance of counsel, a movant must demonstrate: (1) that counsel's representation failed to conform to the degree of skill, care, and diligence of a reasonably competent attorney rendering similar services under similar circumstances (performance prong); and (2) that the movant was prejudiced as a result of counsel's failure (prejudice prong). ***Strickland v. Washington***, 466 U.S. 668, 687 (1984); ***Sanders v. State***, 738 S.W.2d 856, 857 (Mo. banc 1987). To satisfy the performance prong, a movant must overcome the strong presumption that counsel's conduct was reasonable by pointing to "specific acts or omissions of counsel that, in light of all the circumstances, fell outside the wide range of professional competent assistance." ***Hoeber v. State***, 488 S.W.3d 648, 655 (Mo. banc 2016) (quoting ***Johnson v. State***, 406 S.W.3d 892, 899 (Mo. banc 2013)). To satisfy the prejudice prong, a movant must show a reasonable probability that, but for counsel's errors, the outcome of the proceeding would have been different. ***Id.*** "A reasonable probability exists when there is a probability sufficient to undermine confidence in the outcome." ***Id.*** (quoting ***Dorsey v. State***, 448 S.W.3d 276, 287 (Mo. banc 2014)). "If the movant fails to satisfy either the performance or the prejudice prong of the test, then we need not consider the other[,] and his claim of ineffective assistance of counsel must fail." ***Anderson v.***

6

***State***, 66 S.W.3d 770, 775 (Mo. App. W.D. 2002). "The ultimate determination in a post-conviction relief case is 'whether defendant has suffered a genuine deprivation of his right to effective assistance of counsel, such that this Court's confidence in the fairness of the proceeding is undermined.'" ***Hoeber***, 488 S.W.3d at 657 (quoting ***Deck v. State***, 68 S.W.3d 418, 428 (Mo. banc 2002)).

Milcendeau claims his trial counsel was ineffective in failing to request a not-in-MAI instruction during the penalty phase of his trial. Specifically, Milcendeau argues trial counsel's performance was deficient in failing to request the jury be instructed that it was required to find the prior bad acts alleged during the penalty phase occurred by a preponderance of the evidence before it could consider them, and that Milcendeau was prejudiced by trial counsel's deficiency.[7]

Milcendeau fails to demonstrate trial counsel's failure to request the not-in-MAI instruction during the penalty phase fell below the range of competent assistance. Trial counsel's effectiveness is "measured by what the law is at the time of trial." ***Collings v. State***, 543 S.W.3d 1, 12 (Mo. banc 2018) (quoting ***Hoeber***, 488 S.W.3d at 658). While our supreme court has made it clear that the preponderance-of-the-evidence standard applies to evidence of past criminal conduct during the penalty phase, it has not decided whether the trial court is required to instruct the jury on that burden of proof. ***Clark***,

---

[7] During the penalty phase, both the State and the defendant may present evidence supporting or mitigating punishment. ***State v. Fassero***, 256 S.W.3d 109, 118 (Mo. banc 2008). Under section 557.036.3, such evidence may include, "within the discretion of the court, evidence concerning the impact of the crime upon the victim, the victim's family and others, the nature and circumstances of the offense, *and the history and character of the defendant*" (emphasis added). The penalty phase of a trial is generally subject to a lower standard of proof than the guilt phase of the trial. ***State v. Clark***, 197 S.W.3d 598, 601 (Mo. banc 2006). While the State may introduce evidence of past criminal conduct of the defendant not resulting in conviction during the penalty phase, the jury may only consider that conduct if it is proven by a preponderance of the evidence. ***Fassero***, 256 S.W.3d at 119. To satisfy the preponderance of the evidence standard, a party must show "a proposition is more likely true than not." ***Morgan v. State***, 272 S.W.3d 909, 912 (Mo. App. W.D. 2009).

197 S.W.3d at 602 n.3. Nor are we aware of any Missouri case law finding trial counsel ineffective for failing to request such an instruction.[8] In the absence of such case law or rule obligating the trial court to provide such an instruction, we cannot say trial counsel's conduct, in this case, fell below that of a reasonably competent attorney.

Finally, Milcendeau cannot demonstrate he was prejudiced by the failure to give the not-in-MAI instruction. In the context of an ineffective assistance of counsel claim based on instructional error, prejudice means the potential for confusing or misleading the jury. ***Bolden v. State***, 423 S.W.3d 803, 811 (Mo. App. E.D. 2013). Milcendeau fails to demonstrate that the absence of the not-in-MAI instruction confused or misled the jury.[9] Milcendeau has failed to meet his burden in establishing prejudice.[10]

We are not left with a definite and firm impression that the motion court made a mistake in denying Milcendeau's motion. Milcendeau's point is denied.

---

[8] Rule 28.02(a) requires the court to instruct the jury in writing upon all questions of law arising in the case that are necessary for their information in giving a verdict. When there is an MAI-CR instruction or verdict form applicable under the law and Notes On Use, the MAI-CR instruction or verdict form must be given to the exclusion of any other instruction or verdict form. Rule 28.02(c).

> If an MAI-CR form must be modified or if there is no applicable MAI-CR form, the modified form or the form not in MAI-CR, if given, shall be simple, brief, impartial, and free from argument. It shall not submit detailed evidentiary facts. All instructions, where possible, shall follow the format of MAI-CR instructions, including the skeleton forms therein.

Rule 28.02(d). "The giving or failure to give an instruction or verdict form in violation of this Rule 28.02 or any applicable Notes On Use shall constitute error, the error's prejudicial effect to be judicially determined, provided that objection has been timely made pursuant to Rule 28.03." Rule 28.02(f).

[9] The jury did request clarification as to how many years a "life sentence" was and whether the sentences would run consecutively, but this inquiry does not suggest the jury was confused or misled by the instructions it received as to its burden of proof for considering the evidence presented.

[10] We also note that any potential prejudice in the failure to give the not-in-MAI instruction was likely attenuated by trial counsel's argument that a previous jury had already determined Stepdaughter 1's allegations were not believable. This argument, combined with the fact that the jury, in the trial phase, had been instructed on the beyond-a-reasonable-doubt burden of proof, an even higher standard, makes it unlikely Milcendeau was prejudiced by his trial counsel's failure to request the instruction.

## Conclusion

The motion court's judgment is affirmed.

MARY W. SHEFFIELD, J. – OPINION AUTHOR

JACK A. L. GOODMAN, C.J. – CONCURS

DON E. BURRELL, J. – CONCURS